HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
RACHEL ALEXANDRA ROSSI (Bar No. 266732)
(E-Mail:  Rachel_Rossi@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
ANGELO HARPER JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ANGELO HARPER JR.,<br><br>                    Defendant. | Case No. CR 15-595-RGK<br><br>**NOTICE OF MOTION; MOTION TO SUPPRESS EVIDENCE AND STATEMENTS RESULTING FROM SEARCH PURSUANT TO ILLEGAL SEARCH WARRANT**<br><br>**Hearing Date: July 18, 2016**<br>**Hearing Time: 1:30 p.m.** |

TO:    UNITED STATES ATTORNEY EILEEN M. DECKER AND ASSISTANT

          UNITED STATES ATTORNEYS CARLY PALMER AND GEORGE PENCE:

          PLEASE TAKE NOTICE that on July 18, 2016, at 1:30 p.m., or as soon

thereafter as counsel may be heard, in the courtroom of the Honorable R. Gary

Klausner, United States District Judge, defendant Angelo Harper, Jr. will bring on for

hearing the following motion:

/ / /

/ / /

/ / /

1

## **MOTION**

Defendant Angelo Harper, Jr., by and through his attorney of record, Deputy Federal Public Defender Rachel A. Rossi, hereby moves this Honorable Court for an order suppressing all statements and evidence, and all fruits therefrom, obtained as a result of the unlawful search conducted of his residence located at 12595 Lassalle Street, Moreno Valley, California, hereinafter the "Harper Residence," pursuant to a search warrant signed on October 13, 2015, by the Honorable David T. Bristow, United States Magistrate Judge.  This includes, but is not limited to, the following items, and any and all other related items which the government intends to use at trial:

    (1)       Any and all evidence found within the home, including on four thumb drives, one SD memory card, three smartphones, two desktop computers, and one external hard drive retrieved from the home;

    (2)       All statements made by Angelo Harper, Jr. on that date and during the search warrant's execution.

These items were the product of an illegal warrantless search, and thus violated the Fourth Amendment.  In addition, all statements made were fruit of the poisonous tree, and obtained from Mr. Harper while he was in his home where officers had unlawfully entered.

This motion is based upon the attached Memorandum of Points and Authorities, exhibits, all files and records in this case, and any further evidence as may be adduced at the hearing on these motions.

The defense further requests an evidentiary hearing on this motion pursuant to Local Criminal Rule 12-1.3 and *Franks v. Delaware,* 438 U.S.154 (1978).

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: June 27, 2016      By  */s/ Rachel Alexandra Rossi*
                       RACHEL ALEXANDRA ROSSI
                       Deputy Federal Public Defender

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Mr. Harper is charged with three counts: (1) creating a notice or advertisement seeking or offering to receive exchange or distribute child pornography, in violation of 18 U.S.C. § 2251(d)(1)(A); (2) distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(a), (b)(1); and (3) possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  Counts one and two allegedly occurred in 2015; count three allegedly occurred in 2014, when Mr. Harper was only 18 years old.  Count three was the result of a separate investigation from counts one and two.

The instant motion challenges the search warrant issued on August 13, 2015, and seeks to exclude all evidence and statements obtained as a result of the illegally obtained search warrant.[1]  Specifically, there was a material omission from the search warrant affidavit, which, when cured, renders the search warrant lacking in probable cause and invalid.

## II.

## STATEMENT OF FACTS

On October 13, 2015, HSI Special Agent ("SA") Jonathan Ruiz swore an affidavit for a search warrant of the Harper Residence submitted to the Honorable David T. Bristow, United States Magistrate Judge.  *See* October 13, 2015 Search Warrant, attached hereto as Exhibit A.  That same day, Judge Bristow signed the search warrant.  *See id.*  Also, that same day, at approximately 10:00 p.m., agents executed

---

[1] It appears this motion would not be dispositive of the instant case.  The items found in the 2015 search do not form the basis of the charges against Mr. Harper, but may be sought to be introduced by the government at trial and sentencing.  The government has provided notice it does intend to introduce Mr. Harper's statements, which are also sought to be suppressed by this motion, at trial.

1    the search warrant at the Harper Residence.  *See* Department of Homeland Security,

2    Report of Investigation Number 9, attached hereto as Exhibit B.

3         The search warrant affidavit detailed the following relevant facts:  On October 8,

4    2015, at approximately 10:38 a.m., ICE SA McCall used a device connected to the

5    internet and logged into an undercover Kik Messenger Account[2].  *See* Ex. A at ¶ 20.

6    SA McCall accessed the chatroom titled #NEPILOVERS and found that between

7    August 26, 2015 and October 8, 2015, the Kik Messenger user CM8JIAW4 posted at

8    least five images and one video.  *Id.*  SA Ruiz determined these items depicted child

9    pornography.  *Id.*  On October 8, 2015, SA McCall sent a summons to Kik Interactive

10   Inc. requesting subscriber information for Kik Messenger user CM8JIAW4.  *Id*. at ¶ 21;

11   *See* Summons to Time Warner Cable, attached herein as Exhibit C.  SA McCall

12   received a response from Kik on October 12, 2015, and the relevant information

13   provided was an IP address of 104.175.141.234.  *Id*. at ¶ 22.  SA McCall utilized a

14   publicly accessible database to determine the relevant IP address was registered to the

15   Time Warner Cable internet service provider.  *Id*. at ¶ 23.  On October 13, 2015, SA

16   McCall sent a summons to Time Warner Cable requesting subscriber information for

17   the above IP address utilized on October 7, 2015, at approximately 10:07 p.m. EST, the

18   date and time the IP address was used by CM8JIAW4 to post three images of child

19   pornography to Kik messenger chatroom #NEPILOVERS.  *Id*. at ¶ 24.  On the same

20   day, Time Warner Cable provided a response reporting the IP address was assigned to

21   Angelo Harper at the Harper Residence.  That same day, Time Warner Cable responded

22   to the summons with the Subscriber Name (Angelo Harper); the Subscriber Address,

23   (the Harper Residence); the Service Activate date (2009) and current "active" status;

24   the e-mail address associated with the account; and the phone number associated with

25

26

27      [2] Kik is a messenger application, and is "primarily a social media device
28   platform" used for mobile messaging and communication. Ex. A. at ¶ 16.

4

the account.  *Id*. at ¶ 25; *see also* Time Warner Cable Response, attached hereto as Exhibit D.

Critically, the search warrant affidavit presented to Magistrate Judge Bristow did not indicate the asserted statutory authority under which the Time Warner Cable summons was issued: 19 U.S.C. § 1509.  *See* Ex. C.

### III.

### ARGUMENT

**A.**   **The Evidence Found in the Harper Residence Must be Suppressed**

*1.*   ***If a Search Warrant Contains Material Omissions Which Misled the Issuing Judge, The Evidence Obtained Must be Suppressed Under Franks v. Delaware***

The Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV.  Probable cause exists when, under the totality of the circumstances set forth in the affidavit in support of the warrant, "there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates*, 462 U.S. 213, 238(1983).  To satisfy this nexus requirement, there must be a fair probability both that a crime has been committed and that evidence of that crime will be **present in the location to be searched**.  *United States v. Washington*, 797 F.2d 1461, 1474 (9th Cir. 1986); *see also United States v. Rubio*, 727 F.2d 786, 793 (9th Cir. 1983) (affidavit must establish probable cause to believe that there is a connection between the evidence sought and the alleged criminal activity).  Finally, "all data necessary to show probable cause for the issuance of a search warrant must be contained within the four corners of a written affidavit given under oath."  *United States v. Luong*, 470 F.3d 898, 904 (9th Cir. 2006) (internal quotation marks and citation omitted).

A defendant is entitled to challenge the validity of a search warrant affidavit if he makes a substantial preliminary showing that (1) the affiant "knowingly and intentionally, or with reckless disregard for the truth" inserted a false or misleading

1    statement in the warrant affidavit, and (2) the affidavit cannot support a finding of

2    probable cause without the allegedly false or misleading information. *Franks v.*

3    *Delaware*, 438 U.S. 154, 155-56 (1978). The *Franks* rule applies not only to warrants

4    that contain false or misleading statements, but also to warrants that contain deliberate

5    or reckless omissions of material facts. *United States v. Stanert*, 762 F.2d 775, 781 (9th

6    Cir.1985). "Clear proof of deliberate or reckless omission is not required" to show

7    entitlement to an evidentiary hearing. *Id*. "At this stage, all that is required is that the

8    defendant make a substantial showing that the affiant intentionally or recklessly

9    omitted facts required to prevent technically true statements in the affidavit from being

10   misleading." *Id*. If, after an evidentiary hearing, the Court finds that the magistrate

11   was misled by false or omitted information, then suppression of the evidence is

12   required. *United States v. DeLeon*, 979 F.2d 761, 763 (9th Cir. 1992).

13        **2.**     **The Affiant Omitted the Material Information that the Statement of**

14                   **Probable Cause was Based on Illegally Obtained Evidence from an**

15                   **Invalid Summons to Time Warner Cable**

16        Here, the search warrant affidavit detailed the relevant facts that suspected child

17   pornography was found to have been posted in a chat room from user CM8JIAW4,

18   which was connected to IP address 104.175.141.234. *See* Ex. A at ¶ 20, 22. However,

19   those facts were only linked to Angelo Harper Jr. after an illegal summons was issued

20   to Time Warner Cable to determine the subscriber information connected to that IP

21   address. On October 13, 2015, SA McCall sent a summons to Time Warner Cable

22   requesting subscriber information for the relevant IP address. *Id*. at ¶ 24; *see* Ex. C.

23   On the same day, Time Warner Cable provided a response reporting, *inter alia*, the IP

24   address was assigned to Angelo Harper at the Harper Residence. Ex. A at ¶ 25; Ex. D.

25        However, the search warrant affidavit omitted the statutory authority under

26   which the Time Warner Cable summons was issued. The Time Warner Cable

27   summons issued by HSI SA McCall was not a magistrate-issued warrant, but was a

28   document signed by the HSI special agent in charge, and issued pursuant to 19 U.S.C. §

                                              6

1509.  *See* Time Warner Cable Summons, attached herein as Exhibit C.  19 U.S.C. §1509 permits the government to inspect documents in certain limited situations. Specifically, 19 U.S.C. §1508 and 1509 provide that certain importers who import, or who knowingly cause to be imported, any merchandise into the customs territory of the United States or persons who complete and sign a NAFTA (North American Free Trade Agreement) Certificate of Origin for a good, are required to make available for inspection certain records as are normally kept in the ordinary course of business and which pertain to such importation.  *See* 19 U.S.C. §§1508; 1508(b)(2).  Section 1509 provides that certain customs employees may examine these books and records upon reasonable notice and may summon specified persons who are involved with the transportation of the merchandise at issue for the production of records and testimony. *See* 19 U.S.C. § 1509.  These situations do not apply to the instant case.[3]  Accordingly, the Special Agent did not have authority to obtain the subscriber information.  Had the Magistrate Judge been aware of this fact, which necessarily would have precluded consideration of the illegally obtained information, he could not have found probable cause for a search of the Harper Residence.  All evidence obtained pursuant to the search warrant, which was based on material omissions, must thus be suppressed.

**B.     Statements Obtained During the Execution of an Illegal Search Warrant Must be Suppressed**

In *Payton v. New York*, 445 U.S. 573, 576 (1980), the United States Supreme Court held that "the reasons for upholding warrantless arrests in a public place do not apply to warrantless invasions of the privacy of the home."  Thus, "[a]bsent exigent

---

[3] The history of other investigations in this case further demonstrates that the issuance of a Section 1509 summons to Time Warner Cable was improper here.  This was the second search warrant applied for in this case.  The first search warrant was part of a separate investigation conducted on January 14, 2014 involved a different Special Agent.  During that first search, law enforcement seeking subscriber information from Time Warner Cable for a suspected IP address properly obtained a search warrant signed by a Superior Court Judge in Riverside.

1   circumstances," the "firm line at the entrance to the house…may not reasonably be
2   crossed without a warrant.  *See, e.g., Kirk v. Louisiana*, 536 U.S. 635, 638 (2002) (per
3   curiam) ("As *Payton* makes plain, police officers need either a warrant or probable
4   cause plus exigent circumstances in order to make a lawful entry into a home."));
5   *United States v. Erickson*, 991 F.2d 529, 531 (9th Cir. 1993) (holding officer
6   performing community caretaking function cannot justify warrantless entry of private
7   residence); *United States v. Johnson*, 626 F.2d 753 (9th Cir. 1980) (holding warrantless
8   arrest made inside doorway of home violated Fourth Amendment).

9        Because the warrant was invalid here, the entrance to and search of the home
10   were invalid, and all evidence derived therefrom must be suppressed.  The Fourth
11   Amendment requires not only exclusion of all evidence directly obtained in violation
12   thereof, but also the exclusion of all "fruit of the poisonous tree."  *Wong Sun v. United*
13   *States*, 371 U.S. 471, 488 (1963).  A confession or statement given during an
14   interrogation after an unlawful arrest or detention is fruit of the poisonous tree.  *United*
15   *States v. Patzer*, 277 F.3d 1080, 1086 (9th Cir. 2002).  Similarly, a search that is based
16   on an unlawful arrest or detention is fruit of the poisonous tree.  *Henry v. United States*,
17   361 U.S. 98, 101-02 (1959) (evidence discovered during unlawful arrest); *United States*
18   *v. Twilley*, 222 F.3d 1092, 1095 (9th Cir. 2000) (evidence discovered during unlawful
19   vehicle stop).  Accordingly, all statements obtained from Mr. Harper during and after
20   the search was being conducted are fruit of the poisonous tree and must be suppressed.
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

**IV.**

**CONCLUSION**

Accordingly, Mr. Harper requests this Court issue an order suppressing all evidence found at the Harper Residence pursuant to the October 13, 2015 search warrant.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: June 27, 2016        By   */s/ Rachel Alexandra Rossi*
                                  RACHEL ALEXANDRA ROSSI
                                  Deputy Federal Public Defender

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF RACHEL A. ROSSI</u>

I, Rachel A. Rossi, hereby state and declare as follows:

1.      I am a Deputy Federal Public Defender in the Central District of California assigned to represent Angelo Harper, Jr., in the above-entitled action.

2.      I attach this declaration pursuant to Local Rule 12-1.1, which provides that "[a] motion to suppress shall be supported by a declaration *on behalf of the defendant*, setting forth all facts then known upon which it is contended the motion should be granted." Local Rule 12-1 (emphasis added).

3.      Attached herein as **Exhibit A** to this declaration is a true and correct copy of the October 13, 2015 Search Warrant, signed by the Honorable David T. Bristow, provided to me in discovery by the government.

4.      Attached herein as **Exhibit B** to this declaration is a true and correct copy of Department of Homeland Security, Report of Investigation Number 9, provided to me in discovery by the government.

5.      Attached herein as **Exhibit C** to this declaration is a true and correct copy of the Department of Homeland Security Summons to Time Warner Cable, provided to me in discovery by the government.

6.      Attached herein as **Exhibit D** to this declaration is a true and correct copy of Time Warner Cable's response to the summons, provided to me in discovery by the government.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: June 27, 2016           By  */s/ Rachel Alexandra Rossi*_____
                                        RACHEL ALEXANDRA ROSSI
                                        Deputy Federal Public Defender