```
 1                    UNITED STATES DISTRICT COURT

 2        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3         HONORABLE R. GARY KLAUSNER, U.S. DISTRICT JUDGE

 4


 5   UNITED STATES OF AMERICA,        )
                                      )
 6                   PLAINTIFF,       )
                                      )
 7         vs.                        ) No. CR 15-00595-RGK
                                      )
 8   ANGELO HARPER, JR.,              )
                                      )
 9                   DEFENDANT.       )
     _____)

10              REPORTER'S TRANSCRIPT OF CHANGE OF PLEA
                       LOS ANGELES, CALIFORNIA
11                     TUESDAY, JULY 12, 2016
                             10:26 A.M.
12
     APPEARANCES:
13
     FOR PLAINTIFF:      OFFICE OF THE UNITED STATES ATTORNEY
14                       BY:  GEORGE E. PENCE, IV
                              ANNE CARLEY PALMER
15                            THOMAS STOUT
                              ASSISTANT UNITED STATES ATTORNEYS
16                       312 NO. SPRING STREET
                         LOS ANGELES, CALIFORNIA  90012
17                       213.894.2253; 213.894.0282

18   FOR DEFENDANT:      FEDERAL PUBLIC DEFENDER'S OFFICE
                         BY:  RACHEL A. ROSSI
19                            DEPUTY FEDERAL PUBLIC DEFENDER
                         321 EAST 2ND STREET
20                       LOS ANGELES, CALIFORNIA  90012
                         213.894.4406
21

22   _____

23           SANDRA MacNEIL, CSR 9013, RPR, CRR, RMR
            Official Court Reporter, U.S. District Court
24             255 East Temple Street, Room 181-F
                    Los Angeles, CA  90012
25                     213.894.5949
```

```
 1              LOS ANGELES, CALIFORNIA; TUESDAY, JULY 12, 2016
 2                              10:26 A.M.
 3                               - - - -
 4          THE COURT:  Okay.  Mr. Harper, your client (sic) has
 5   indicated that you wish to go ahead and enter a plea of guilty
 6   to Count 2 and Count 3 of the indictment.
 7       Is that what you want to do?
 8          THE DEFENDANT:  Yes.
 9          THE COURT:  Okay.  You do understand you've got a
10   right against self-incrimination.  That means nobody can force
11   you to plead guilty or say anything that might incriminate you.
12       If you pled guilty to Count 2 and Count 3, you'd be giving
13   up your right against self-incrimination as to Count 2 and
14   Count 3.  You understand that?
15          THE DEFENDANT:  Yes.
16          THE COURT:  And understanding that, do you waive and
17   give up your right against self-incrimination?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Okay.  Before I take your plea, I've gotta
20   make certain findings for the record, and in order to do that,
21   I've gotta ask you some questions, so let me put you under oath
22   at this time.
23          THE CLERK:  Can you please raise your right hand to
24   the best of your ability.
25       Do you solemnly swear that the answers you make to any
```

1  questions asked of you by the Court shall be the truth, the
2  whole truth, and nothing but the truth, so help you God?
3          THE DEFENDANT:  Yes.
4          THE CLERK:  Thank you.
5          THE COURT:  What is your true legal name, sir?
6          THE DEFENDANT:  Angelo Gene Harper, Jr.
7          THE COURT:  Okay.  And do you go by any other name?
8          THE DEFENDANT:  A.J.
9          THE COURT:  Okay.  What city do you live in?
10         THE DEFENDANT:  Moreno Valley.
11         THE COURT:  How old are you now?
12         THE DEFENDANT:  21.
13         THE COURT:  How much education or schooling have you
14 received?
15         THE DEFENDANT:  I completed high school, then attended
16 college, and then I'm right now currently attending college
17 incarcerated.
18         THE COURT:  Then let me ask you -- and one of the
19 reasons I asked that last question is, have you been able to go
20 over all the documents with your attorney?
21         THE DEFENDANT:  Yes.
22         THE COURT:  And you understand them fully, what you're
23 being charged with?
24         THE DEFENDANT:  Yes.
25         THE COURT:  And you're satisfied with her advice?

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  And I want to make sure that you do
 3   understand not only all the documents but everything that's
 4   going on here today.  So as we go through this process, if
 5   there's anything you don't understand, any questions you might
 6   have, anything you want explained to you, will you please stop
 7   me and make sure that I explain it to you?
 8              THE DEFENDANT:  Okay.
 9              THE COURT:  Okay.  Any history in your background of
10   treatment for mental illness or addiction?
11              THE DEFENDANT:  When I was in, like, elementary school
12   I took medication for ADHD, but that stopped, like, in middle
13   school.
14              THE COURT:  Okay.  So you're not taking that now?
15              THE DEFENDANT:  No.
16              THE COURT:  In fact, you're not -- are you on any type
17   of medication, prescription medication, pain medication, any
18   type of drugs, anything at all that would affect your ability
19   to understand what we're doing here today?
20              THE DEFENDANT:  No.
21              THE COURT:  Okay.  They've alleged here in Count 2 a
22   violation of Title 18 of the United States Code, Section 2252A,
23   sub (a)(2)(A), and in Count 3, a violation of Title 18 of the
24   United States Code, Section 2252A, sub (a)(5)(B).
25          At this time I'm going to have the government explain what
```

1  elements they would have to prove to convict you of those two
2  sections, and I'm going to ask you to listen very carefully so
3  you understand what elements they would be required to prove.
4       Counsel.
5           MR. PENCE: Your Honor, the government would be
6  required to prove that the defendant: One, knowingly
7  distributed child pornography, that is, a visual depiction of a
8  minor engaged in a sexual act, sexually explicit conduct; two,
9  that that visual depiction had been mailed using any means and
10 facility of interstate and foreign commerce and had been
11 shipped and transported in and affecting interstate and foreign
12 commerce by any means, including by computer, knowing that the
13 child -- that the images were of child pornography.
14          THE COURT: That's as to Count 2?
15          MR. PENCE: Two, on the distribution.
16          THE COURT: Okay. And on Count 3?
17          MR. PENCE: On Count 3, Your Honor, which is
18 possession of child pornography, the government must establish
19 that defendant Angelo Harper knowingly possessed at least one
20 image of child pornography as defined in Title 18, United
21 States Code, Section 2256B(a), which involved a visual
22 depiction -- a sexually explicit visual depiction of a minor
23 under the age of 18, and that that visual depiction had been
24 mailed and shipped and transported using any means and facility
25 of interstate and foreign commerce and in and affecting

1   interstate and foreign commerce by any means.
2          THE COURT: Okay. You understand what elements the
3   government would have to produce at trial in order to convict
4   you of these two offenses?
5          THE DEFENDANT: Yes.
6          THE COURT: Now I'm going to have them state what
7   facts --
8       And I have a statement of facts here. I don't know if
9   they're the ones you're going to be using or not, Counsel.
10      But I'm going to have the government state what facts they
11  would present if they went to trial to prove these elements,
12  and I want you to listen very carefully, because when they're
13  through, I'm going to ask you whether you admit these facts to
14  be true.
15      Counsel.
16         MR. PENCE: Your Honor, may I add one additional
17  element onto the possession charge --
18         THE COURT: Yes.
19         MR. PENCE: -- just to be sure I'm clear with the
20  defendant.
21      That element is that the defendant knew that the
22  production of the visual depiction involved the use of a minor
23  in sexually explicit conduct.
24         THE COURT: Okay. You understand that's one of the
25  elements?

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Sir?
 3              MR. PENCE:  Yes.
 4              THE COURT:  No.
 5         Mr. Harper, you understand?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Okay.  Counsel, now if you could state
 8    what facts you would present if you went to trial to prove
 9    those elements.
10         And again, listen very carefully to this, okay?
11              MR. PENCE:  Your Honor, the government would prove
12    that on or about -- with respect to Count 2, distribution of
13    child pornography, the government would prove that on or about
14    October 7, 2015, in Riverside County, within the Central
15    District of California, Mr. Angelo Harper, Jr., knowingly
16    distributed a video which he knew contained a visual depiction
17    of a minor engaged in sexually explicit conduct over the
18    Internet, a means and facility of interstate and foreign
19    commerce, using the Kik messaging application.  Mr. Harper knew
20    the video contained matters showing minors engaged in sexually
21    explicit conduct and that the production of the video involved
22    the use of a minor engaged in sexually explicit conduct.  The
23    video had been transported in interstate or foreign commerce by
24    computer.
25              THE COURT:  Okay.  And as to Count 3?
```

Case 2:15-cr-00595-RGK   Document 52   Filed 07/15/16   Page 8 of 18   Page ID #:445

8

```
 1              MR. PENCE:  With respect to Count 3, possession of
 2    child pornography, the government would show that on or about
 3    January 16, 2014, in Riverside County, in the Central District
 4    of California, Angelo Harper, Jr., knowingly possessed an image
 5    that depicted a minor engaged in sexually explicit conduct.
 6    Mr. Harper knew that the image was of a minor engaged in
 7    sexually explicit conduct and that the production of the image
 8    involved the use of a minor engaged in sexually explicit
 9    conduct.  The image had been transported in interstate and
10    foreign commerce by computer.
11              THE COURT:  Okay.  So these are the facts the
12    government says they would present if they went to trial.
13         You understand these facts?
14              THE DEFENDANT:  Yes.
15              THE COURT:  And you admit these facts to be true?
16              THE DEFENDANT:  Yes.
17              THE COURT:  Now, as to each count, the maximum and
18    minimum sentence under the statutes --
19         And Counsel, you've got that.  I don't have that.
20              MR. PENCE:  I do, Your Honor.  Would you like us to
21    read it into the record, Your Honor?
22              THE COURT:  Yes, please.
23         Listen carefully.  He's going to be telling you what the
24    maximum sentences are and the minimum sentences are under the
25    statutes.
```

1        Okay, Counsel.
2             MR. PENCE:  Your Honor, under Count 2, which is
3    distribution of child pornography, the maximum sentence is 20
4    years; the maximum fine is $250,000.  There is a maximum term
5    of supervised release of a lifetime of supervised release, and
6    there is a mandatory minimum sentence of five years, and there
7    is a mandatory special assessment of $100, Your Honor.
8             THE COURT:  And that's as to Count 2.
9             MR. PENCE:  Count 2, Your Honor.
10       I'm sorry, let me continue with Count 3, which is
11   possession of child pornography.  That count contains a maximum
12   sentence of 20 years, a maximum fine of $250,000, a maximum --
13   a lifetime of supervised release, a mandatory special
14   assessment of $100.
15            THE COURT:  Okay.  So, now, Counsel, I'm going to ask
16   you to do a little bit of mathematics and state what the
17   maximum sentence, total maximum sentence would be for both
18   counts.
19            MR. PENCE:  Excuse me, Your Honor, may I have one
20   moment to confer with counsel?
21            THE COURT:  Sure.
22       And Counsel, I'm asking you also, if you'd listen
23   carefully.  If there's any disagreement, let me know.  Let the
24   Court know.
25            MS. ROSSI:  Yes, Your Honor.

```
 1            MR. PENCE:  Okay.  So, Your Honor, the maximum under
 2   both counts would be 50 years maximum sentence, maximum fine of
 3   $500,000, supervised release of lifetime, a mandatory special
 4   assessment of $200.  And the mandatory minimum sentence would
 5   be five years.
 6            MS. ROSSI:  May I have a moment with counsel?
 7            THE COURT:  Sure, you bet.
 8       (Counsel conferred privately.)
 9            MR. PENCE:  Excuse me, Your Honor.  Counsel has
10   conferred with me.  Just one moment.  I'm sorry, Your Honor,
11   the maximum sentence would be 40 years, not --
12            THE COURT:  That's what I thought.
13            MR. PENCE:  Yeah.
14            THE COURT:  It's 20 and 20.
15            MR. PENCE:  20 and 20.  My arithmetic was poor.
16            THE COURT:  So you understand now what the maximum
17   sentence could be under the statute?
18            THE DEFENDANT:  Yes.
19            THE COURT:  And what the minimum sentence would be?
20            THE DEFENDANT:  Yes.
21            THE COURT:  Now, they mentioned supervised release.
22   Supervised release is that period of time where, if you did
23   time in custody and then were released on supervision and you
24   violated the terms and conditions of that supervision, you
25   could be returned to court and get additional time on your
```

```
1   violation over and above what you might initially get.
2        You understand that?
3             THE DEFENDANT:  Yes.
4             THE COURT:  Also, if you happen to be on parole,
5   probation, or supervised release on some other matter other
6   than this, a plea in this matter could result in a violation of
7   that parole, probation, or supervised release, and that court
8   could give you time on their case independently of what might
9   happen here.
10       You understand that?
11            THE DEFENDANT:  Yes.
12            THE COURT:  There are also certain governmental rights
13  that can be affected by your plea, such as your right to vote,
14  your right to serve as a juror, your right to own a firearm.
15  It can affect citizenship in some cases and result in
16  deportation in some cases.  It can affect welfare rights for
17  you or your family, such as food stamps.
18       You understand that?
19            THE DEFENDANT:  Yes.
20            THE COURT:  And also, I don't know if you mentioned
21  this in the maximum sentences, but there is a -- one of the
22  conditions would be a lifetime, I believe it is, registration.
23  Is that correct, Counsel?
24            MR. PENCE:  As sexual offender?
25            THE COURT:  Yes, as a sexual offender.
```

```
 1                MR. PENCE:  Yes.
 2                THE COURT:  You understand that would be one of the
 3   consequences?
 4                THE DEFENDANT:  Yes.
 5                MR. PENCE:  Your Honor, may I add one thing before you
 6   proceed?
 7                THE COURT:  Yes.
 8                MR. PENCE:  Just to be clear with respect to the
 9   distribution count, I articulated earlier that the defendant
10   must know, as one of the elements, that the production
11   involved -- that the defendant knew that the production of the
12   visual depiction involved the use of a minor in sexually
13   explicit conduct.  That is true for distribution as well:  The
14   defendant must know that the production of the visual depiction
15   involved the use of a minor in sexually explicit conduct.
16                THE COURT:  You understand that element?
17                THE DEFENDANT:  Yes.
18                THE COURT:  Now, I talked to you earlier about your
19   right against self-incrimination.  There's a few other rights
20   I've gotta go over with you.  I'm sure you've talked them over
21   with your attorney, but let me go through them.
22        The first one is, you have a right to be presumed innocent
23   until and unless the government can prove their case to 12
24   jurors, who unanimously would have to agree upon your guilt
25   beyond a reasonable doubt before you could be found guilty.
```

1  Until and unless they do this, you've got a right to be
2  presumed innocent.  Obviously, if you plead guilty, you're not
3  going to be presumed innocent anymore.
4      You understand that right?
5           THE DEFENDANT:  Yes.
6           THE COURT:  And you're giving up that right?
7           THE DEFENDANT:  Yes.
8           THE COURT:  You also have a right to have an attorney
9  at all stages of the proceedings.  You have a right to have a
10 public trial, a speedy trial, a right to see, hear, and
11 cross-examine the witnesses the government would call to prove
12 their case against you.  You'd have a right to present defenses
13 in your own behalf, subpoena witnesses free of charge to you
14 into court to testify in your defense.  At trial you'd have a
15 right to take the stand and testify in your own behalf if you
16 wished, or to remain silent, not take the stand, and nobody
17 could draw any adverse inference from the fact you did not take
18 the stand.
19     All these rights you'd have at trial, you'd be giving up
20 if you plead guilty, because there's not going to be a trial as
21 to those two issues.  You understand that?
22          THE DEFENDANT:  Yes.
23          THE COURT:  And do you waive and give up your rights
24 as to those two counts?
25          THE DEFENDANT:  Yes.

```
 1              THE COURT:  And counsel joins?
 2              MS. ROSSI:  Yes, Your Honor.
 3              THE COURT:  Now, in this matter there's no plea
 4   agreement on it, which would mean that the Court, if you pled
 5   on this, would go ahead and send this out to the probation
 6   department, get all their information in first, hear from your
 7   attorney, hear from the AUSA, hear from you, if you wished,
 8   before we'd determine what the sentence is.  And you know what
 9   the range is, but there's no agreement as to what sentence
10   would be.
11         You understand that?
12              THE DEFENDANT:  Yes.
13              THE COURT:  Okay.  Has anybody made any promises to
14   you, or threats or assurances to get you to plead guilty to
15   either of these two counts?
16              THE DEFENDANT:  No.
17              THE COURT:  Then are you doing this freely and
18   voluntarily because you feel at this time it's in your best
19   interest?
20              THE DEFENDANT:  Yes.
21              THE COURT:  Is there any questions that you want to
22   ask me before I take your plea to these two counts?
23              THE DEFENDANT:  No, Your Honor.
24              THE COURT:  Then as to violation of Title 18 of the
25   United States Code, Section 2252A, sub (a)(2)(A), as alleged in
```

1   Count 2, how do you plead?
2           THE DEFENDANT:  Guilty.
3           THE COURT:  And as to Title 18 of the United States
4   Code, Section 2252A, sub (a)(5)(B), as alleged in Count 3, how
5   do you plea?
6           THE DEFENDANT:  Guilty.
7           THE COURT:  And counsel concur in the plea?
8           MS. ROSSI:  Yes.
9           THE COURT:  And stipulate there's a sufficient factual
10  basis to allow me to accept the plea?
11          MS. ROSSI:  Yes.
12          THE COURT:  The Court will find a knowing,
13  intelligent, free and voluntary waiver of his rights by the
14  defendant as to those two counts; would find that he's had
15  explained to him the consequences and possible consequences of
16  his plea; would find a factual basis based on the stipulation
17  of counsel and the admission of the defendant to the facts
18  stated here in court; and in this matter the Court would accept
19  the plea of guilty to Count 2 and Count 3.
20      And I guess we still have the trial coming up, but we
21  should put this over for sentencing sometime down the road, I
22  guess.
23          MR. PENCE:  That makes sense, Your Honor.
24          THE COURT:  What time are we looking at, Sharon?
25          THE CLERK:  Sentencing availability would be Monday,

1  October 17, at 1:30 p.m.
2          THE COURT:  How does that sound?
3          MS. ROSSI:  That works for the defense.
4          THE COURT:  Okay.  That's agreeable with you, sir?
5          THE DEFENDANT:  Yes.
6          THE COURT:  And that's agreeable with the AUSA?
7          MR. PENCE:  That works for the government as well,
8  sir.
9          THE COURT:  Okay.  We'll put it down on that date, and
10 if it needs to be moved, we can adjust it later, but we'll put
11 it down on that date, which is October 17th at 1:30 p.m., for
12 sentencing.
13     Anything else I can do for either side?
14          MS. ROSSI:  Your Honor, I would just let the Court
15 know that the defense is still urging the government to dismiss
16 Count 1, because it doesn't change the guidelines.  The
17 guidelines are above the mandatory minimum on Count 1, and
18 Mr. Harper is facing consecutive life sentences in state court.
19 So at this point, I believe the government intends to proceed
20 on Count 1, but just to inform the Court, we are urging them to
21 dismiss.
22          THE COURT:  Okay.  And I'm also assuming that one of
23 the underlying factors on pleading to Count 2 and Count 3 is
24 acceptance of responsibility?
25          MS. ROSSI:  Yes, your Honor.

1        And for reasons that I can't share, Mr. Harper is unable
2   to plead to Count 1.
3           THE COURT:  Okay.  Thank you very much.
4           MS. ROSSI:  Thank you, Your Honor.
5           MR. PENCE:  Thank you, Your Honor.
6           THE CLERK:  All rise.
7        Court is in recess.

9              *(Proceedings concluded at 10:41 a.m.)*

11                            *--oOo--*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

*CERTIFICATE*

*I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.*

*Date: JULY 15, 2016*

*/S/ SANDRA MACNEIL*

*Sandra MacNeil, CSR No. 9013*