1  HILARY POTASHNER (Bar No. 167060)
   Federal Public Defender
2  RACHEL ALEXANDRA ROSSI (Bar No. 266732)
   (E-Mail:  Rachel_Rossi@fd.org)
3  Deputy Federal Public Defender
   JENNIFER J. UYEDA (Bar No. 238602)
4  Deputy Federal Public Defender
   (Jennifer_Uyeda@fd.org)
5  321 East 2nd Street
   Los Angeles, California 90012-4202
6  Telephone:  (213) 894-2854
   Facsimile:  (213) 894-0081
7
   Attorneys for Defendant
8  ANGELO HARPER JR.

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                         WESTERN DIVISION

13

14

15  UNITED STATES OF AMERICA,          Case No. 15-595-RGK

16          Plaintiff,                 **OPPOSITION TO GOVERNMENT'S
                                        MOTION *IN LIMINE* NO. 1 TO
17       v.                            ADMIT, AND PERMIT
                                        PUBLICATION OF, CHILD
18  ANGELO HARPER JR.,                 PORNOGRAPHY IMAGES**

19          Defendant.

20

21          Defendant Angelo Harper Jr., by and through his attorneys of record, Deputy

22  Federal Public Defenders Rachel Rossi and Jennifer Uyeda, herby submits this

23  Opposition to Government's Motion *in Limine* No. 1 to Admit and Permit Publication

24  of Child Pornography Images.

25  / / /

26  / / /

27  / / /

28

                                       1

1    This motion is based on the attached memorandum of points and authorities, all

2    files and records in this case, and any further information or evidence as may be

3    adduced at the hearing.

4                                              Respectfully submitted,

5                                              HILARY POTASHNER

6                                              Federal Public Defender

7

8    DATED:  July 15, 2016              By   /s/ Rachel Rossi

9                                              RACHEL ROSSI
                                             Deputy Federal Public Defender
10                                            Attorney for ANGELO HARPER, JR.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The trial in this case is only on count one of the indictment, advertising of child pornography in violation of 18 U.S.C. § 2251(d), on August 26, 2015.  The government seeks to admit images and videos of child pornography that Mr. Harper allegedly posted in the Kik messenger application two months after the date of the charged offense.  However, this trial is not about the government's entire investigation of Mr. Harper's activities online in Kik.  This trial is not about all of Mr. Harper's conduct in 2014 and 2015.  This trial is narrowly focused on whether, on August 26, 2015, Mr. Harper made statements to advertise child pornography.

The advertising count consists of statements Mr. Harper allegedly made on August 26, 2015 in Kik which consists of allegedly four comments and two alleged child pornography pictures.  This evidence should be the only evidence at issue for the trial on count one.  Assuming proper foundation is laid, the defense will not object to the introduction of, and publication of, these four comments and two images at trial.  The government's proffered evidence beyond these four comments and two images allegedly posted on August 26, 2015 should be excluded as irrelevant, cumulative, and unfairly prejudicial pursuant to Federal Rules of Evidence 403.[1]  The prejudicial value of the government's proffered evidence, which is far more inflammatory and disturbing than the charged offense conduct, substantially outweighs any probative value.

/ / /

---

[1] Similarly, without having been provided sufficient notice, the defense is not fully unaware what images and/or additional evidence the government intends to introduce in total at trial.  However, the defense objects to all other evidence other than Mr. Harper's posts on August 26, 2015.  This includes testimony related to the child pornography images allegedly possessed in 2014 (count three), child pornography allegedly possessed in October 2015 (uncharged) and any images, chats and/or videos posted on subsequent dates in Kik.

3

## II.

## <u>ARGUMENT</u>

Beyond the two images posted on August 26, 2015, the government seeks to admit child pornography images[2] Mr. Harper allegedly posted in the Kik messenger application two months later, on October 7 and on October 11, 2015.  It also seeks to admit six segments (three video stills and three six-second video excerpts) of a video Mr. Harper distributed on October 7, 2015.  Contrary to the government's claim, these images are not direct evidence of the elements of the charged offense of advertising and not inextricably intertwined with the alleged offense that occurred two months earlier.  The proffered evidence is irrelevant and prejudicial.  Moreover, still images and clips of the video depicting child pornography are cumulative when Mr. Harper's plea to distribution will be admitted under Federal Rules of Evidence 414 as "other acts" evidence.

**A.     The Evidence is Not Direct Evidence of the Elements of the Charged Offense of Advertising**

The government attempts to broadly sweep Mr. Harper's subsequent conduct in Kik to prove its case on the August 26, 2015 advertising count.  First, it argues that images and a video of child pornography posted in October are relevant to prove that Mr. Harper advertised images of minors on August 26, 2015.  It seems to argue that because the images that were posted in October were minors and engaged in sexually explicit conduct, Mr. Harper advertised images of minors engaged in sexually explicit conduct on August 26, 2015.  For the first time, in its recently filed Trial Memorandum, the government seems to now argue that these images, including the video, are additional advertisements that somehow link back to Mr. Harper's conduct two months prior.  *See* Trial Memorandum at p. 5.  Yet, the government has not identified any

---

[2]     The defense believes that this consists of 3 images.

4

1    statements that now characterize it as an advertisement.

2         Second, the government argues that Mr. Harper's posting of child pornography

3    in October proves knowledge and intent on August 26, 2015.  These images and video

4    are not the same or related to the comments and images that were allegedly posted in

5    the Kik Messenger chatroom on August 26, 2015 (the advertising count), and thus have

6    no bearing on Mr. Harper's knowledge two months earlier.  What he may have known

7    in October does not bear upon what Mr. Harper knew two months prior.  Even

8    assuming *arguendo* the Court believes it does, the Court can instead consider Mr.

9    Harper's factual basis and guilty plea to distribution of child pornography on October 7,

10   2015.[3]  The plea to count two and factual basis is far less inflammatory than even

11   watching clips of the video just once.  *See United States v. Balderrama*, 146 F.3d 758,

12   762-63 (9th Cir. 1998) (finding that the box covers of the child pornography films were

13   more probative of scienter than the films themselves, and that the films raised a greater

14   risk of unfair prejudice than did their packing).

15        Because the proffered evidence was posted two months after, it is not direct

16   evidence of what occurred on August 26, 2015 and should be excluded.

17   **B.    The Proffered Evidence Is Not "Inextricably Intertwined"**

18        The government further attempts to argue that the proffered evidence is

19   "inextricably intertwined with the charged offense" as "direct evidence of defendant's

20   advertising of child pornography."  *See* Gov't MIL at p. 8.  In its trial memorandum the

21   government asserts that it is "highly probative of defendant's intent when he posted his

22   August 26, 2015 message."  *See* Trial Memorandum at p. 17.  Yet, the government does

23   not provide any explanation beyond this statement in its motion or in its trial

24   memorandum.  This lack of notice is insufficient, and thus this motion should be

---

[3] The defense would stipulate that Mr. Harper's factual basis and guilty pleas to counts two and three are admissible pursuant to Federal Rules of Evidence 414 as other acts, but not for the purpose of being considered as part of the offense.

5

denied.[4]  As discussed above, the proffered evidence is not direct evidence of an event that happened two months earlier, and thus, the proffered evidence is not inextricably intertwined.

**C.     The Proffered Evidence Should be Excluded under Rule 403**

The charged conduct in this case is very different from the subsequent acts the government seeks to admit.  Here, Mr. Harper is on trial for making statements to trade images of child pornography.  Whether he possessed any images of child pornography or distributed child pornography is not at issue.  In fact, Mr. Harper already pled guilty to the distribution count and to the possession count; and he is not charged with possessing images of child pornography in October 2015.  The proffered evidence of images and videos of child pornography he allegedly posted in Kik in October 2015 is far worse than the charged conduct.  It is beyond dispute that the proffered evidence of images of child pornography and the video of child pornography Mr. Harper distributed are far more disturbing than a statement seeking child pornography.  The proffered evidence was not posted in the Kik chatroom when statements seeking to trade child pornography were made.  The lack of similarity of the prior uncharged conduct, the subsequent sequencing of events, and the lack of relevance to the charged conduct weighs greatly against admission. *See United States v. Stout*, 509 F.3d 796, 801 (6th Cir. 2007 (affirming the exclusion of evidence in a child pornography case of the defendant's prior convictions for sexual abuse of his stepdaughter, because "the prior bad acts in this case were significantly worse than the acts charged and the probative value of the evidence was relatively slight").

---

[4] The government also indicates in its trial memorandum that it intends to file a "second motion *in limine* seeking an order admitting "certain evidence" on the grounds that it is direct evidence of the charged crime or otherwise admissible under the Federal Rules of Evidence, including Fed. R. Evid. 414 and Fed. R. Evid. 404(b)." *See* Trial Memorandum at 3.  However, to date, the government has not filed any motion, identified the "certain evidence," and given the requisite notice under Fed. R. Evid. 414, thus that motion should be denied when filed.

As such, its probative value, if any, is substantially outweighed by the danger of unfair prejudice resulting from the introduction of the proffered evidence of images and videos of child pornography Mr. Harper allegedly posted on three different occasions, not including the day at issue.  These highly disturbing images of actual children will predominate the trial and overpower the far less inflammatory statement for which Mr. Harper is actually charged.  In fact, the introduction of such evidence is precisely to show propensity:  he possessed child pornography and distributed child pornography months after the charged conduct, so he must have advertised for child pornography on the date of the offense.  Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.  Fed. R. Evid. 404(a)(1).  Given the highly inflammatory nature of the evidence, it should be excluded under Rule 403.

If the Court is inclined to admit the proffered evidence, the defense respectfully requests that it reserve its ruling until it has had a chance to see the government's case.

### III.

### CONCLUSION

For all the foregoing reasons, the Court should exclude the proffered evidence both the evidence itself and testimony about it, and only admit the four comments and two pictures allegedly posted on August 26, 2015.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED:  July 15, 2016

By  */s/ Rachel Rossi*
RACHEL ROSSI
Deputy Federal Public Defender
Attorney for ANGELO HARPER, JR.