EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
A. CARLEY PALMER (Cal. Bar No. 307303)
GEORGE E. PENCE (Cal. Bar No. 257595)
Assistant United States Attorneys
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0282/2253
     Facsimile: (213) 894-0141
     Email:    carley.palmer@usdoj.gov
               George.pence@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-00595 RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S "MOTION IN LIMINE TO EXCLUDE 414 EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 403 AND THE UNITED STATES CONSTITUTION" |
| v. | |
| ANGELO HARPER, JR., | |
| Defendant. | Trial Date:  July 19, 2016<br>Trial Time:  9:00 a.m.<br>Location:   Courtroom of the Hon. R. GARY KLAUSNER |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's office for the Central District of California and undersigned counsel, hereby files its opposition to defendant's "Motion in Limine to Exclude 414 Evidence Pursuant to Federal Rules of Evidence 403 and the United States Constitution."

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 17, 2016                Respectfully submitted,

                                    EILEEN M. DECKER
                                    United States Attorney

                                    LAWRENCE S. MIDDLETON
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/
                                    _____
                                    A. CARLEY PALMER
                                    GEORGE E. PENCE
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    United States of America

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant is charged with advertisement of child pornography in violation of 18 U.S.C. §§ 2251(d)(1)(A), (e).  On July 12, 2016, defendant pleaded guilty to distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).  Trial of this case, which is now limited to advertisement of child pornography, is scheduled for July 19, 2016.  Defendant has waived trial by jury.

On July 11, 2016, defendant filed a motion in limine to exclude his admissions, post-Miranda and audio-recorded, that he sexually assaulted young children, including his infant/toddler niece ("Motion").  (Dkt. 40.)  The government opposes that motion for the reasons outlined below.

**II.   PERTINANT FACTS**

A summary of the charged conduct is set forth in the government's Trial Brief; Motion in Limine No. 1 to Admit, and Permit Publication of, Child Pornography Images; and Motion in Limine No. 2 to Admit Evidence of Defendant's Commission of Other Offenses of Child Molestation.  (Dkt. Nos. 47-49.)  The government hereby incorporates those facts by reference, and only discusses additional facts specifically pertaining to this motion.

On August 26, 2015, defendant advertised child pornography in the Kik[1] #NEPILOVERS chatroom -- a group devoted to "All the things

---

[1] Kik is a social media mobile device platform.  Users download the mobile messaging application via an application service such as Google Play Store or Apple iTunes.  Once downloaded and installed, the user is prompted to create an account and a username.  This

toddler n nepi,"[2] -- by posting two images of infant/toddler pornography,[3] and the following statements: (1)"U guys like toddler boys or girls?";[4] (2) "I have pics and vids of both [winking face emoji]."; [5] and (3) "I have tons of pics and vids of little boys and girls. Pm me for chat and trade of kids under 6 [winking face emoji]."

On October 13, 2015, during the investigation of defendant's advertisement and distribution on the #NEPLILOVERS chatroom, Immigration and Customs Enforcement Homeland Security Investigations ("ICE HSI") Special Agent ("SA") Jonathon Ruiz interviewed defendant.  During that interview, defendant admitted that he had sexually assaulted his infant/toddler niece on at least two occasions, and that he had photographed one of those assaults.[6]

**III. RELEVANT LAW**

At trial, the government will prove that defendant sexually exploited a child in violation of Section 2251(d)(1)(A), (e) of

---

username acts as the primary account identifier.  Kik Messenger allows users to create chatrooms for the purpose of exchanging messages, images, and videos.

[2] "Nepi" refers to "nepiophilia," a type of pedophilia that involves a sexual preference for infants and toddlers.

[3] One image shows, underneath its infant subject, a piece of paper displaying the message "WAN2TR."  The message "WAN2TR" possibly reads in full "WAN2TRADE"; but the remaining letters in that image, if any, are obscured.

[4] An "emoji" is a small digital picture or pictoral smbol that represent a thing, feeling or concept, used in text messages and other electronic conversations.

[5] "PM" is an abbreviation for "private message," a private form of communication between different members on an online platform.

[6] Defendant also admitted to molesting a second young child, and of being accused of molesting a third.  The government does not intend to introduce, in its case-in-chief, evidence of either of these assaults.

2

Title 18 of the United States Code.  In order to secure defendant's conviction, the government must prove that: (1) the defendant knowingly made, printed, published, or caused to be made, printed, or published, an advertisement; (2) the advertisement offered to receive, exchange, buy, produce, display, distribute, or reproduce any visual depiction, if the production of the visual depiction utilized a minor engaging in sexually explicit conduct and such visual depiction is of such conduct; and (3) the defendant knew or had reasons to know the advertisement would be transported across state lines or mailed, or such advertisement was actually transported across state lines or mailed.  Ninth Cir. Model Crim. Jury Inst. No. 8.183 (2010) (Sexual Exploitation of Child — Notice of Advertisement Seeking or Offering) (modified to reflect that crime does not require proof of the identity of a particular minor victim).

"Advertisement" means a posting that has the purpose of advising others that child pornography is available.  United States v. Grovo, No. 15-30016, -- F.3d --, 2016 WL 3443691, at *8 (9th Cir. June 23, 2016) ("The means of publication or broadcast are not the definitive features of an 'advertisement,' so long as the advertisement calls attention to its subject or makes a particular thing known.").  An advertisement need not specifically state it offers or seeks a visual depiction of a minor engaging in sexually explicit conduct.  United States v. Rowe, 414 F.3d 271, 277 (2d Cir. 2005) (Title 18, United States Code, section 2251(c) (now codified at 18 U.S.C. § 2251(d)) "is not so narrow that it captures only those who state, 'I have child-pornographic images for trade.'"); Grovo, 2016 WL 3443691, at *9 (citing Rowe approvingly).

**IV. ARGUMENT**

In its Motion, defendant raises four arguments, all of which must fail.

    **A.   THE CONSTITUTIONALITY OF FEDERAL RULE OF EVIDENCE 414**

First, defendant challenges the constitutionality of Federal Rule of Evidence 414, which provides that in a criminal case for a child molestation charge, such as the instant advertising charge,[7] evidence of other child molestation offenses are admissible for <u>any matter to which they are relevant</u>, including as proof of defendant's sexually predatory tendencies.  Fed. R. Evid. 414(a).  However, the Ninth Circuit has repeatedly affirmed the constitutionality of Rule 414.  <u>See, e.g.</u>, <u>Doe ex rel. Rudy-Glanzer v. Glanzer</u>, 232 F.3d 1258, 1268 (9th Cir. 2000); <u>United States v. LeMay</u>; <u>United States v. Sioux</u>, 362 F.3d 1241, 1244 (9th Cir. 2004) (recognizing that Rule 414 supersedes the general bar of Rule 404(b) against the admission of propensity evidence); (<u>see</u> <u>also</u> Dkt. 50, "Government's Motion <u>in Limine</u> No. 2 to Admit Evidence of Defendant's Commission of Other Offenses of Child Molestation," at 10-12).

    **B.   THE EVIDENCE OF DEFENDANT'S SEXUAL ASSAULT OF HIS NIECE**

Second, defendant argues that his recorded, <u>post-Miranda</u> confession to sexually assaulting his niece is "uncorroborated." However, defendant admitted to these acts of molestation, in a confession that was freely-given, audio-recorded, and remarkably

---

[7] The statutory definition of "child molestation offenses" is broader than the colloquial meaning.  <u>See</u> Fed. R. Evid. 414(d)(2)(B), (noting that "child molestation" includes, <u>e.g.</u>, "contact between any part of the defendant's body. . . and a child's genitals or anus," and "a crime under federal law or under state law involving certain conduct, including "any conduct prohibited by 18 U.S.C. chapter 10[,]" <u>i.e.</u>, child pornography offenses).

4

detailed. Defendant has shown no reason, and the government has found no reason in the record, to doubt the veracity of defendant's admission. Moreover, SA Ruiz, the ICE officer who obtained and recorded defendant's confession, will testify at next week's trial. To the extent that defendant wishes to either cross-examine SA Ruiz regarding his confession, or to admit affirmative evidence contradicting its contents, he can do so at trial.

**C.    "UNFAIR PREJUDICE" UNDER FEDERAL RULE OF EVIDENCE 403**

Third, defendant argues that his admissions regarding his sexual assaults are "highly prejudicial" and thus inadmissible under Federal Rule of Evidence 403. However, because Rule 414 is a rule of inclusion, the law requires exclusion of relevant evidence only when "the probative value of evidence is 'substantially outweighed by the danger of unfair prejudice.'" United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir. 1982). In cases involving sexual molestation offenses under Rule 414, the Ninth Circuit has found that the risk of unfair prejudice is evaluated by a consideration of five factors: (1) the similarity of the other act to the act charged; (2) the closeness in time of the other act to the act charged; (3) the frequency of the other acts; (4) the presence or lack of intervening circumstances between the other acts and the charged offense; and (5) the necessity for the evidence beyond the testimony already offered at trial. LeMay, 260 F.3d at 1027-28 (quoting Glanzer, 232 F.3d at 1268).

Here, applying the five LeMay factors, defendant's sexual assault of his niece causes no unfair prejudice, because: (1) the sexual assault is similar to the charged advertisement, because it involves the exploitation of an infant/toddler, and even the

5

photography of that exploitation; (2) the sexual assaults took place approximately a year before, and a month after, the charged advertisement of infant/toddler pornography; (3) defendant molested his niece at least twice, and as part of a regular practice of sexually objectifying children; (4) no "intervening circumstances" have either lessened the relevance or increased the prejudicial effect of defendant's assault; and (5) defendant's confession to molesting his niece is "necessary" to the government's case, because it is "helpful" in demonstrating that that the subject of defendant's advertisement in the #NEPILOVERS chatroom was child pornography.  See LeMay, 260 F.3d at 1026-28; (see also Dkt. 50 at 15-17.)

Additionally, the government disagrees with defendant's contention that "[i]t is beyond dispute that the proffered evidence of production of child pornography and sexual molestation are far more disturbing than a statement seeking child pornography." (Mot. at 9.)  All of defendant's crimes have exploited and victimized young children, and all of defendant's crimes are disturbing.

Thus, the evidence that defendant assaulted his niece (and photographed that assault) causes no danger of unfair prejudice, and does not substantially outweigh the highly probative value of that evidence.

**D.   CONFUSION AND DELAY UNDER FEDERAL RULE OF EVIDENCE 403**

Fourth, defendant argues that the Court should exclude the evidence that defendant sexually molested his niece because the evidence's probative value is outweighed by dangers of "confusing the issues, misleading the jury, undue delay, [and] wasting time. . . . "  (Mot. at 12-13 (citing Fed. R. Evid. 403).)  However,

first, defendant has waived trial by jury, and has pled guilty to two of three charges brought against him.  Second, the government estimates that its case-in-chief will last no more than two days, and has full confidence in the Court's ability to manage its courtroom.  Third, defendant's argument that he may face state charges for molesting his niece is irrelevant and unavailing. Defendant is charged <u>here</u> and <u>now</u> with a federal sex crime.  The government is entitled to prove its case, and to present the evidence that supports it, in the manner it chooses -- and in a manner supported by the Federal Rules of Evidence.  <u>Cf.</u> <u>United States v. Old Chief</u>, 519 U.S. 172, 183 (1997).

**E.    THE SEXUAL ASSAULT'S ADMISSIBILITY, REGARDLESS OF RULE 414**

Finally, defendant's Motion overlooks the fact that defendant's molestation of young children, both before and after the charged advertisement, is also (1) inextricably intertwined with the charged offense, and (2) admissible under Federal Rule of Evidence 404(b) to prove, <u>e.g.</u>, defendant's knowledge, motive, intent, plan, identity, absence of mistake, and lack of accident.  (<u>See</u> Dkt. 50 at 8-10, 17-20.)

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny defendant's Motion.