HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
RACHEL ALEXANDRA ROSSI (Bar No. 266732)
(E-Mail: Rachel_Rossi@fd.org)
Deputy Federal Public Defender
JENNIFER J. UYEDA (Bar No. 238602)
Deputy Federal Public Defender
(Jennifer_Uyeda@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ANGELO HARPER JR.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANGELO HARPER JR.,

Defendant.

Case No. CR 15-595-RGK

**REPLY IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT EXPERT TESTIMONY**

Mr. Angelo Harper Jr., by and through his counsel of record, Deputy Federal Public Defenders Rachel Alexandra Rossi and Jennifer Uyeda, herby submits the within Reply in Support of Motion *in Limine* to Exclude Government Expert Testimony.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: July 18, 2016

By * /s/ Rachel Alexandra Rossi*
RACHEL ALEXANDRA ROSSI
Deputy Federal Public Defender

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Mr. Harper has moved to exclude David Jones from testifying as an expert witness for the government, and to exclude portions of Agent McCall's testimony due to the inadequate expert notice provided. The government's opposition provides no further information to cure the inadequate disclosure. While the government has now disclosed which images expert David Jones would testify about, it has completely disregarded its duty to disclose the bases of Mr. Jones' opinions. Further, its theory that Agent McCall will testify as a lay witness, and not an expert on "idiomatic expressions" in internet chat rooms, as to the meaning of the phrase "WAN2TR," creates a whole host of admissibility issues. First, the Agent's lay opinion is not relevant - the Court does not need a lay witness' opinion on a photo if the lay witness does not offer specialized knowledge as to what the image means - the picture speaks for itself. Second, the Agent would be speculating as to what the rest of the image said, and the testimony would thus be speculative and lacking in foundation. Third, the statement on a piece of paper in a photo is hearsay. Finally, the defense objects to Agent McCall's testimony under the Rule of Completeness under Fed. R. Evid. 106.

Mr. Harper has never suggested the government has engaged in a "tactic designed to frustrate defendant's preparation of his case." *See* Gov. Opp. at 8. Rather, the defense has simply requested proper notice as required by the Federal Rules of Criminal Procedure. The government has still failed to provide such notice. Thus, Mr. Harper continues to object to the expert testimony of David Jones, and this limited expert testimony of SA McCall, on the grounds of improper expert notice under Federal Rule of Criminal Procedure 16(a)(1)(g).

/ / /

/ / /

/ / /

## II.

## ARGUMENT

### A. The Government Still Fails to Reveal the Basis and Reasons for David Jones' Opinions

Federal Rule of Criminal Procedure 16(a)(1)(g) requires the government to provide to the defense a written summary of "[expert] testimony" which "describe[s] the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. Pro. 16(a)(1)(G) (emphasis added). Indeed, an expert witness, when proffered by either side, must satisfy the requirements of Fed. R. Evid. 702 before he may be permitted to testify. *Daubert*, 509 U.S. 579, and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). *Daubert* requires that, when faced with a proffer of expert testimony, a district judge must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. These "gate-keeping" requirements have been extended to apply to all expert testimony, *see Kumho Tire*, 526 U.S. at 147. In accordance with *Daubert*, trial courts are required to apply a reliability analysis to an expert's opinion; that opinion is "reliable" if it is based on the "methods and procedures of science" rather than on "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. *Daubert* set forth factors for the court to evaluate the reliability of expert testimony. *See Daubert*, 509 U.S. 579. These factors are:

> (1) whether the technique or theory can be objectively tested, or whether it is a subjective, conclusory approach whose reliability cannot be assessed;
> (2) whether it has been subjected to peer review and publication;
> (3) the known or potential rate of error;
> (4) the existence and maintenance of standards and controls; and
> (5) whether the technique has been generally accepted in the scientific community.

Fed. R. Evid. 702 advisory committee's notes (notes to the 2000 Amendments) (citations omitted; alterations to format and phrasing); *Daubert*, 509 U.S. 579. The *Daubert* factors are not an exhaustive checklist; rather, the trial court must base its inquiry on the facts of each case. *Kumho Tire*, 526 U.S. at 150. Other relevant factors include:

> (1) whether the expert testimony grows naturally out of independent research or whether the opinions have been developed for the litigation;
> (2) whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion;
> (3) whether the expert has adequately accounted for obvious alternative explanations;
> (4) whether the expert is being as careful as he would be in his regular professional work outside his paid litigation consulting; and
> (5) whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion the expert would give.

Fed. R. Evid. 702 advisory committee's notes (notes to the 2000 Amendments) (citations omitted; alterations to format).

The reliability determination is mandatory; it is error for a district court to admit expert testimony without making any such finding. *See Mukhtar v. California State University*, 299 F.3d 1053, 1066 (9th Cir. 2002).

Here, the court cannot make any reliability determination because insufficient evidence has been disclosed concerning David Jones' testimony. The government has only provided David Jones' qualifications and his opinions, but has failed entirely to disclose the "bases and reasons for those opinions." *See id*. The government suggests the defense should look to a dictionary to understand the "plain English words" used by their expert. Unfortunately, this misinterprets the mandates of Rule 16. Rule 16 requires the government to produce ***why, how, and what tests and techniques were used*** for the expert to come to the conclusion that certain images "depict actual persons

and are not the result of compositing, morphing, or computer generation." *See* Defendant's Motion *in Limine* to Exclude Government Experts, Ex. A.

Thus, the Court should preclude the expert testimony entirely, which, as noted above, it is entitled to do based on the government's deficient notice. *See* Fed. R. Crim. P. 16(d)(2)(C). If the Court does not choose to do so, the defense requests the opportunity to *voir dire* the proposed expert, prior to trial, and sufficiently in advance of trial, to allow the defense to assess whether rebuttal experts are needed, in order for the Court to determine whether their testimony meets the requirements for expert testimony under the Federal Rules of Evidence.

**B. The Defense Objects to the Government's Proposal to Introduce Testimony from Agent McCall as "Lay Witness" Testimony**

The government suggests Agent McCall is in fact not an expert with experience in "idiomatic expressions in internet chatrooms." *See* Gov. Opp. at 10-11. This would mean the agent would testify not based on any "specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701(c). Instead, the government intends to call Agent McCall as a lay witness, to testify about an image he viewed only a portion of, to speculate as to what the rest of that image read, and provide his "lay opinion" about what the rest of that message means. The defense objects to the introduction of this testimony firs as irrelevant - the Court does not need a lay witness' opinion on a photo if the lay witness does not offer specialized knowledge as to what the image means - the picture speaks for itself. Second, the Agent would be speculating as to what the rest of the image said, and the testimony would thus be speculative and lacking in foundation. Third, the statement on a piece of paper in a photo is hearsay. *See* Fed. R. Evid. 802. Finally, the defense objects to Agent McCall's testimony under the Rule of Completeness under Fed. R. Evid. 106.; *see* Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement-

-that in fairness ought to be considered at the same time."). If the government is not able to produce the rest of this partial writing, it should be excluded.

## III.

## CONCLUSION

Accordingly, Mr. Harper requests this Court issue an order excluding David Jones' testimony at trial, and precluding SA McCall to testify as to his alleged meaning of WAN2TR.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: July 18, 2016

By *_/s/ Rachel Alexandra Rossi_*
RACHEL ALEXANDRA ROSSI
Deputy Federal Public Defender