```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                         WESTERN DIVISION

 4

 5

 6  UNITED STATES OF AMERICA,    )
                                 )
 7                               )
            PLAINTIFF,           )
 8                               )
                                 )
 9       V.                      ) CR 15-00595-RGK
                                 ) RIVERSIDE, CALIFORNIA
10                               )
    ANGELO HARPER, JR.,          ) NOVEMBER 10, 2015
11                               )
            DEFENDANT.           ) (10:42 A.M. TO 10:57 A.M.)
12  _____)

13
                              HEARING
14              BEFORE THE HONORABLE SHERI PYM
                  UNITED STATES MAGISTRATE JUDGE
15

16

17  APPEARANCES:            SEE NEXT PAGE

18  COURT REPORTER:         RECORDED; COURT SMART

19  COURTROOM DEPUTY:       KIMBERLY CARTER

20  TRANSCRIBER:            DOROTHY BABYKIN
                            COURTHOUSE SERVICES
21                          1218 VALEBROOK PLACE
                            GLENDORA, CALIFORNIA  91740
22                          (626) 963-0566

23

24
    PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25  TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

```
 1   APPEARANCES:  (CONTINUED)

 2   FOR THE PLAINTIFF UNITED STATES OF AMERICA:

 3        EILEEN DECKER
          UNITED STATES ATTORNEY
 4        LAWRENCE MIDDLETON
          CHIEF, CRIMINAL DIVISION
 5        BY:  TRITIA YUEN
          ASSISTANT UNITED STATES ATTORNEY
 6        3403 TENTH STREET
          SUITE 200
 7        RIVERSIDE, CALIFORNIA  92501

 8
     FOR THE DEFENDANT ANGELO HARPER, JR.:
 9
          HILARY POTASHNER
10        FEDERAL PUBLIC DEFENDER
          BY:  YOUNG J. KIM
11        DEPUTY FEDERAL PUBLIC DEFENDER
          3801 UNIVERSITY AVENUE
12        SUITE 700
          RIVERSIDE, CALIFORNIA  92501
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                        I N D E X
    CR 15-00595-RGK                           NOVEMBER 10, 2015
 2
    PROCEEDINGS:   REVIEW OF DETENTION ORDER
 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1          RIVERSIDE, CALIFORNIA; NOVEMBER 10, 2015; 10:42 A.M.
 2              THE CLERK:  COURT IS NOW IN SESSION.
 3              THE HONORABLE SHERI PYM --
 4              CASE NUMBER CR 15-595, UNITED STATES OF AMERICA
 5  VERSUS ANGELO HARPER, JR.
 6              COUNSEL, WOULD YOU PLEASE STATE YOUR APPEARANCES FOR
 7  THE RECORD.
 8              MS. YUEN:  GOOD MORNING, YOUR HONOR.
 9              TRICIA YUEN FOR THE UNITED STATES.
10              THE COURT:  GOOD MORNING.
11              MR. KIM:  GOOD MORNING, YOUR HONOR.
12              YOUNG KIM FROM THE FEDERAL PUBLIC DEFENDER FOR ANGELO
13  HARPER, JR., WHO'S PRESENT IN CUSTODY.
14              THE COURT:  ALL RIGHT.  GOOD MORNING.
15              AND GOOD MORNING, ANGELO HARPER, JR.
16              IS THAT YOUR TRUE NAME?
17              THE DEFENDANT:  YES.
18              THE COURT:  ALL RIGHT.
19              WE ARE HERE THIS MORNING FOR A -- ESSENTIALLY A
20  REVIEW OF THE ORDER OF DETENTION IN THIS CASE.
21              AND -- SO, MR. KIM, SINCE YOU'VE BROUGHT THIS MOTION,
22  I'LL LET YOU GO FIRST.
23              MR. KIM:  THANK YOU, YOUR HONOR.
24              YOUR HONOR, FIRST OF ALL, MR. HARPER WAS ARRESTED ON
25  OCTOBER 16TH AND WAS BEFORE THIS COURT ALMOST A MONTH AGO.  AND
```

```
 1   BACK THEN WHEN I SPOKE WITH MR. HARPER'S PARENTS AND PRETRIAL
 2   SPOKE WITH MR. HARPER'S PARENTS, THEY WERE NOT WILLING TO
 3   PROVIDE ANY BAIL RESOURCES.
 4           THIS HAS JUST HAPPENED THAT -- RECEIVED SOME NEWS
 5   FROM THE AGENTS ABOUT POSSIBLE CONDUCT THAT MR. -- THAT ANGELO
 6   HARPER, JR. MIGHT HAVE COMMITTED --
 7           THE COURT:  UH-HMM.
 8           MR. KIM:  -- TO OTHER FAMILY MEMBER.  AND THEY WERE
 9   IN NO -- THEY WERE IN NO PLACE MENTALLY TO MAKE A DECISION
10   ABOUT BOND.
11           IN THE COURSE OF THE LAST SEVERAL WEEKS, I'VE BEEN
12   TALKING TO THE FAMILY.  AND AS A FAMILY THEY CAME TOGETHER AND
13   MADE A DECISION -- NOT AN EMOTIONAL DECISION BUT A REASONED
14   DECISION ABOUT WHY THEY WANT TO HELP MR. HARPER WITH BOND IN
15   THIS CASE.  SO, THEY'RE PUTTING UP THEIR HOME.  THE HOME WAS
16   PURCHASED AT A TIME WHEN IT WAS AT THE HEIGHT OF THE MARKET.
17   EVEN THOUGH THEY HAVE MADE QUITE A FEW MORTGAGE PAYMENTS, THE
18   EQUITY IN THE HOME WE BELIEVE IS ABOUT $25,000.
19           BOTH ANGELO HARPER, SR. AND LINDA HARPER, THE MOTHER,
20   WORK.  AND THEY'RE WILLING TO SIGN FOR WHATEVER AMOUNT OF BOND.
21   BUT GIVEN THEIR INCOMES OF ABOUT A THOUSAND DOLLARS FOR THE
22   FATHER AND ABOUT $2,000 FOR THE MOTHER, MY ESTIMATE WAS ABOUT
23   35,000 WAS THE MAXIMUM THE TWO COULD COMBINED SIGN FOR -- WHICH
24   WOULD BE ABOUT $60,000.
25           YOUR HONOR, WHEN I SAY THE "WHOLE FAMILY," I MEAN THE
```

```
 1   ENTIRE FAMILY.  MR. HARPER'S SISTER IS ALSO IN SUPPORT OF
 2   MR. HARPER BEING RELEASED.
 3           I PROVIDED A LETTER FOR THE COURT FROM A POLICE
 4   LIEUTENANT THAT'S IN -- THAT IS IN RIVERSIDE WHO HAS --
 5           THE COURT:  I'VE READ THAT.  YES.
 6           MR. KIM:  -- KNOWN MR. HARPER FOR HIS ENTIRE LIFE WHO
 7   GIVES A PRETTY REASONED -- I GUESS HIS FEELINGS ABOUT MR.
 8   HARPER AND WHAT'S -- WHAT'S HAPPENING.
 9           YOUR HONOR, I THINK THAT THE GOVERNMENT SHARED SOME
10   INFORMATION WITH ME THIS MORNING.  SAUSA BEECHER HAD ALREADY
11   TOLD ME ABOUT SOME MEDICAL EXAMINATIONS THAT WERE BEING
12   CONDUCTED ON MR. HARPER'S NIECE.  AND I THINK THAT THEY'LL BE
13   PROFFERING SOME INFORMATION ABOUT THAT.
14           YOUR HONOR, THE BAIL REFORM ACT ASKS THIS COURT TO
15   SEE IF THERE ARE CONDITIONS THAT WILL REASONABLY ASSURE THE
16   SAFETY OF THE COMMUNITY AND AN APPEARANCE IN COURT FOR MR.
17   HARPER IN THIS CASE FOR THE CASE BEFORE THIS COURT.
18           ANYTHING THE GOVERNMENT WOULD PROFFER ABOUT OTHER
19   CONDUCT IS NOT A CASE BEFORE THIS COURT.
20           THE BAIL REFORM ACT DOES PUT THE BURDEN ON MR. HARPER
21   BECAUSE THE COURT LOOKS AT THE ALLEGATIONS IN ANY COMPLAINT OR
22   INDICTMENT IN FRONT OF THE COURT AS -- HAS TO ASSUME THAT IT'S
23   TRUE FOR PURPOSES OF BOND.  BUT IT DOESN'T ASK THE COURT TO
24   LOOK AT ALLEGATIONS THAT AREN'T EVEN CHARGED THAT ARE NOT
25   BEFORE THIS COURT TO SEE IF THOSE -- SEEING IF THOSE ARE TRUE.
```

```
 1   AND --
 2             THE COURT:  WELL, I MEAN, LET ME ASK YOU ABOUT THAT.
 3             BECAUSE DON'T YOU THINK -- I MEAN, I AGREE THERE'S
 4   WHAT'S PRESUMED AND NOT.  BUT DON'T YOU THINK THAT OTHER
 5   CIRCUMSTANCES THAT MAY BE AT LEAST RELATED TO THE CHARGED
 6   CONDUCT WOULD BE RELEVANT TO CONSIDER THE ISSUES OF THE SAFETY
 7   OF THE COMMUNITY.
 8             MR. KIM:  YOUR HONOR, I THINK THAT THERE HAS TO BE A
 9   LINE DRAWN SOMEPLACE.  BECAUSE WHEN WE COME BEFORE THE COURT --
10   AND US AS DEFENSE COUNSEL WE'RE TOLD, WELL, JUST THE
11   ALLEGATIONS IN THE COMPLAINT, THE COURT HAS TO CONSIDER THOSE
12   TO BE TRUE.  AND WE ACCEPT THAT.  AND WE HAVE TO COME UP WITH
13   WHY -- REASONS WHY THERE WOULD STILL BE CONDITIONS THAT CAN
14   REASONABLY ASSURE APPEARANCE AND SAFETY OF THE COMMUNITY.
15             DEFENDANTS COME BEFORE THE COURT WITH ALL KINDS OF
16   HORRIFIC ALLEGATIONS AGAINST THEM LIKE THIS CASE.  IF THE COURT
17   WAS TO LOOK OUTSIDE EVEN THE CHARGING DOCUMENT AND WHAT'S
18   CHARGED IN THIS CASE, IT WOULD BE KIND OF LIMITLESS THE AMOUNT
19   OF INFORMATION THE COURT COULD CONSIDER FOR DETERMINING WHAT IS
20   THE -- WHAT ARE THE REASONABLE CONDITIONS OR THE CONDITIONS
21   THAT WILL REASONABLY ASSURE SAFETY OF THE COMMUNITY AND FLIGHT
22   RISK IN THIS CASE.  AND WE DON'T THINK THAT'S APPROPRIATE.
23             SO, I'M SURE THE GOVERNMENT COUNSEL WILL STAND UP
24   NEXT AND PROFFER INFORMATION ABOUT OTHER CONDUCT.  THAT IS NOT
25   A CASE BEFORE THIS COURT.  AND WE ASK THE COURT NOT TO CONSIDER
```

```
 1   THOSE FACTS WHEN DETERMINING THE CONDITIONS THAT WOULD BE
 2   SUITABLE IN THIS CASE FOR RELEASE.
 3           AND WE BELIEVE THAT FOR THIS CASE MR. HARPER HAS A
 4   FAMILY.  THIS IS HIS PARENTS' HOME.  THIS IS WHERE HE'LL BE
 5   LIVING.  OBVIOUSLY, THERE WOULD BE CONDITIONS OF NO CONTACT
 6   WITH HIS NIECE.  ALL -- ALL FAMILY MEMBERS UNDERSTAND THIS.
 7   AND THEY AGREE TO THIS.  HE WOULD BE UNDER THE SUPERVISION OF
 8   HIS PARENTS WHO ARE NOW AWARE OF ALL THE ALLEGATIONS AGAINST
 9   HIM, CHARGED OR NOT.  THEY'RE STILL WILLING TO PUT UP THEIR
10   HOME -- ALL THE EQUITY IN THEIR HOME THAT'S AVAILABLE -- AND
11   ALSO SIGN UNSECURED AFFIDAVITS.
12           MR. HARPER, I WOULD ASSUME, WOULD BE ON INTENSIVE
13   SUPERVISION.  THIS WAY HE CAN START ON MUCH NEEDED MENTAL
14   HEALTH COUNSELING IMMEDIATELY.  IF THE COURT WANTS TO MAKE THAT
15   A CONDITION OF PRETRIAL RELEASE, WE WOULD ASK THAT THAT BE A
16   CONDITION.
17           YOUR HONOR, I THINK THERE ARE CONDITIONS THAT CAN BE
18   TAILORED TO -- TO REASONABLY ASSURE BOTH THE FACTORS THAT THE
19   COURT IS CONCERNED WITH HERE AND RELEASE MR. ANGELO HARPER TO
20   HIS FAMILY.
21           THE COURT:  ALL RIGHT.  THANK YOU.
22           ALL RIGHT.  MS. YUEN.
23           MS. YUEN:  YES, YOUR HONOR.
24           THE GOVERNMENT DOES NOT THINK THAT THE PROPOSED BOND
25   IS SUFFICIENT TO -- TO ENSURE THE SAFETY OF THE COMMUNITY AND
```

1    TO ENSURE THE DEFENDANT'S APPEARANCE AT FUTURE HEARINGS.
2             AND I'LL START WITH THE DANGER --
3             THE COURT: OKAY. AND LET ME JUST ASK YOU FIRST, MS.
4    YUEN, BECAUSE MR. KIM MENTIONED SOME INFORMATION YOU'RE
5    INTENDING TO PROFFER.
6             MS. YUEN: UH-HMM.
7             THE COURT: SO, WHY DON'T WE START WITH THAT AND THEN
8    SEE WHERE -- BECAUSE I'M NOT -- I'M NOT -- WELL, AFTER YOU
9    PROFFER, THEN, WE CAN SEE THE DEFENSE POSITION WITH RESPECT TO
10   THAT.
11            MS. YUEN: YES, YOUR HONOR.
12            IT'S MY UNDERSTANDING THAT I THINK IT WAS JUST
13   YESTERDAY OR THE DAY BEFORE THE D.A.'S OFFICE FILED CHARGES
14   AGAINST THIS DEFENDANT. AND IT IS THREE COUNTS OF 288.7(B) AND
15   TWO -- I'M SORRY, THREE COUNTS OF 288.7(B) AND TWO COUNTS OF
16   288.7(A), WHICH ARE BOTH RELATED TO ABUSE ALLEGATIONS.
17            AND I DON'T WANT TO SAY TOO MUCH IN AN OPEN
18   COURTROOM, BUT THE STATE CASE, THE THREE COUNTS OF 288.7(B)
19   CARRY SENTENCES OF 15 TO LIFE. AND THE TWO COUNTS OF 288.7(A)
20   CARRY SENTENCES OF 25 TO LIFE. SO, EVEN IF THE SENTENCES
21   AREN'T RUN CONSECUTIVELY, HE'S LOOKING AT 25 TO LIFE WITH A
22   TOTAL EXPOSURE BEING 95 YEARS TO LIFE. SO, IT'S SIGNIFICANT
23   CHARGES. THEY'VE BEEN FILED BUT NOT -- NOT YET -- THE
24   PAPERWORK IS NOT YET AVAILABLE. THAT TAKES A FEW DAYS TO A
25   WEEK.

```
 1              SO, YOUR HONOR, I THINK THOSE CHARGES -- AND I CAN
 2   GET THE COURT MORE INFORMATION IF YOU'D LIKE.  BUT I THINK THEY
 3   GO TO BOTH DANGER TO THE COMMUNITY AND FLIGHT RISK.  BUT I'LL
 4   ACTUALLY START WITH FLIGHT RISK BECAUSE --
 5              THE COURT:  ALL RIGHT.  WELL, LET ME -- AND BEFORE I
 6   HEAR ARGUMENT FROM YOU --
 7              WELL, I JUST HAVE ONE QUESTION.  DO THESE ALLEGATIONS
 8   ALL INVOLVE THE DEFENDANT'S NIECE?
 9              MS. YUEN:  YES, YOUR HONOR.
10              THE COURT:  OKAY.  AND, SO, LET ME -- ALL RIGHT.  I
11   UNDERSTAND THE PROFFER.
12              I UNDERSTAND YOUR ARGUMENT A LITTLE BIT MORE, MR.
13   KIM, ABOUT SORT OF THE BOUNDS OF THE CASE.
14              BUT LET ME ASK YOU DO YOU ACCEPT JUST THE PROFFERED
15   INFORMATION?
16              MR. KIM:  I DO, YOUR HONOR.
17              THE COURT:  ALL RIGHT.
18              ALL RIGHT.  THEN I'LL HEAR ARGUMENT FROM YOU THEN,
19   MS. YUEN.
20              MS. YUEN:  YEAH, YOUR HONOR.
21              UNIDENTIFIED SPEAKER:  DO WE HAVE TO EMPTY THE
22   COURTROOM NOW?
23              THE COURT:  IS --
24              LET ME ASK.  IS THERE ANYBODY IN THE COURTROOM WHO IS
25   NOT SORT OF -- I'M NOT SURE WHO EVERYONE HERE IS.  I SEE PEOPLE
```

```
 1   FROM THE PUBLIC DEFENDER'S OFFICE.
 2           MS. YUEN:  AND, YOUR HONOR, THAT'S ONE OF THE FEDERAL
 3   AGENTS ON THE CASE IN THE BACK.
 4           MR. KIM:  YEAH.  I DON'T THINK --
 5           THE COURT:  OKAY.
 6           MR. KIM:  -- THERE'S ANYBODY IN THE COURTROOM.
 7           THE COURT:  YEAH.  SO, I THINK -- I THINK EVERYONE
 8   HERE -- AND I ASSUME THIS IS -- ALL RIGHT.
 9           AND IS MR. HARPER'S -- IS MR. -- MR. HARPER'S FAMILY
10   IS HERE --
11           MR. KIM:  FATHER.
12           THE COURT:  -- AS WELL.  YEAH.  OKAY.  THAT'S WHAT I
13   ASSUMED.  OKAY.  ALL RIGHT.
14           AND THANK YOU FOR THAT.
15           ALL RIGHT.  GO AHEAD, MS. YUEN.
16           MS. YUEN:  THANK YOU, YOUR HONOR.
17           AS TO FLIGHT RISK, BECAUSE OF THESE CHARGES, HE'S
18   OBVIOUSLY FACING A SIGNIFICANT AMOUNT OF TIME IN THE STATE.
19   HE'S ALSO FACING A LOT OF TIME ON THIS CASE.  IT'S A MANDATORY
20   MINIMUM.  15 YEARS ON THE ADVERTISING CHARGE.  MAX OF 30.  HIS
21   GUIDELINES, WE CALCULATE IT TO BE LIFE.  HE'S A LEVEL 45 BY OUR
22   CALCULATION.  SO, JUST THE EXPOSURE HE HAS ON THE FEDERAL CASE
23   AND THE STATE CASE CREATE A SIGNIFICANT FLIGHT RISK.
24           AS TO DANGER TO THE COMMUNITY, HE'S ADMITTED TO
25   SEXUALLY ABUSING TWO CHILDREN, INCLUDING HIS NIECE, WHO IS THE
```

1  SUBJECT -- WHO IS THE VICTIM IN THE CHARGES FILED BY THE STATE.
2  AND IT'S UNCLEAR TO THE GOVERNMENT, YOUR HONOR, IF THAT VICTIM
3  STILL LIVES IN THE HOME.
4      AND I UNDERSTAND MR. KIM'S STATED ASSURANCES THAT
5  HE'LL UNDERSTAND THAT THERE'S NO CONTACT, BUT IN THE ORIGINAL
6  PRETRIAL SERVICES REPORT IT INDICATED THAT THE VICTIM NO LONGER
7  LIVED IN THAT HOME.
8      THE COURT: UH-HMM.
9      MS. YUEN: BUT ON A REPORT -- A PHYSICAL EXAMINATION
10 OF THE NIECE THAT I HAD GIVEN TO MR. KIM, THEY LIST THE ADDRESS
11 OF THE HOME OF THE DEFENDANT'S PARENTS THAT'S BEING PROPOSED AS
12 THE BOND AS THE RESIDENCE FOR THAT CHILD. SO, WE WOULD WANT AT
13 THE VERY LEAST FOR PRETRIAL TO CONFIRM WHERE THAT CHILD LIVES
14 AND TO ASSURE THAT HE DOES NOT HAVE ACCESS TO HER OR TO ANY
15 OTHER CHILDREN.
16     YOUR HONOR, IT'S -- THESE ARE VERY SERIOUS
17 ALLEGATIONS. AND WE JUST DON'T THINK THAT THE PROPOSED BOND IS
18 SUFFICIENT TO INSURE THE SAFETY OF THE COMMUNITY AND HIS FUTURE
19 APPEARANCE.
20     THE COURT: ALL RIGHT. THANK YOU.
21     AND IF YOU'D GIVE ME JUST ONE MOMENT, I WANT TO LOOK
22 AT ONE THING.
23     (PAUSE IN PROCEEDINGS.)
24     THE COURT: ALL RIGHT. SO -- SO, THIS -- I BELIEVE
25 THIS IS THE CASE.

```
 1              WHEN THIS MATTER ORIGINALLY CAME IN I BELIEVE THAT
 2   THE CHARGE AND THE COMPLAINT WAS JUST A POSSESSION OF CHILD
 3   PORNOGRAPHY.  AND SO THE -- IT WAS NOT A PRESUMPTION CASE.  I
 4   BELIEVE THIS IS NOW A PRESUMPTION CASE IN LIGHT OF THE
 5   INDICTMENT --
 6              AM I CORRECT ABOUT THAT --
 7              MS. YUEN:  THAT'S CORRECT, YOUR HONOR.
 8              THE COURT:  -- MS. YUEN?
 9              AND WOULD YOU AGREE --
10              MR. KIM:  CORRECT, YOUR HONOR.
11              THE COURT:  -- WITH THAT?  ALL RIGHT.
12              ALL RIGHT.
13              MR. KIM, IS THERE ANY RESPONSE YOU WANTED TO MAKE TO
14   MS. YUEN'S ARGUMENTS?
15              MR. KIM:  YOUR HONOR, I WOULD JUST SAY THAT
16   CONSIDERATION OF BOND IN THE STATE CHARGES WILL BE TAKEN UP BY
17   STATE COURT.  AND THE STATE COURT WILL EITHER SET BOND OR NOT.
18   AND THAT SHOULD NOT BE A CONSIDERATION FOR BOND IN THIS COURT
19   TODAY, YOUR HONOR.
20              AND ON THAT, I'LL SUBMIT.
21              THE COURT:  ALL RIGHT.
22              WELL, I -- I DON'T KNOW IF THIS WOULD BE TRUE IN
23   EVERY CASE, BUT I DO -- I DO TEND TO AGREE WITH YOU IN THIS
24   CASE, MR. KIM, THAT I DON'T THINK THAT -- THAT THE
25   CONSIDERATION OF THE STATE CHARGES REALLY CARRY A LOT OF WEIGHT
```

```
 1   HERE, AT LEAST IN TERMS OF LOOKING AT THE ADDITIONAL PENALTIES
 2   THAT HE FACES IN THAT CASE IN TERMS OF FLIGHT RISK.  BECAUSE I
 3   DO THINK THAT THE STATE NEEDS TO LOOK AT THAT AND THE FACT THAT
 4   SOMEBODY --
 5             AGAIN, I CAN'T SAY THIS WOULD APPLY IN EVERY CASE.
 6   BUT I -- IN THIS CASE I THINK THAT IT'S APPROPRIATE FOR THE
 7   COURT IN TERMS OF FLIGHT RISK JUST TO LOOK AT THE CHARGES HERE.
 8             BUT THAT SAID, I DO THINK THAT IN THIS CASE AS -- IN
 9   A SENSE THERE'S BEEN -- THE CASE HASN'T GOTTEN BETTER FOR YOUR
10   CLIENT SINCE -- SINCE HE WAS HERE BEFORE BECAUSE THE INDICTMENT
11   NOW CARRIES MORE SERIOUS CHARGES THAN HE FACED BEFORE -- THAT
12   DO THEMSELVES CARRY A SIGNIFICANT PENALTY.
13             AND IN ADDITION -- WELL, IT IS A PRESUMPTION CASE AS
14   NOTED, BUT THE -- I APPRECIATE THAT YOUR CLIENT'S FAMILY HAS
15   COME TOGETHER AND PUT FORTH REALLY ALL THE BAIL RESOURCES
16   AVAILABLE TO THEM.
17             AND IN CERTAIN CASES THAT MIGHT BE ENOUGH, AT LEAST
18   WITH RESPECT TO FLIGHT RISK.  BUT HERE I DO CONTINUE TO HAVE
19   SOME CONCERNS ABOUT -- ABOUT RISK OF FLIGHT, JUST GIVEN HOW
20   SERIOUS THE CHARGES NOW.  BUT MORE REALLY MY CONCERN HERE IS
21   WITH DANGER TO THE SAFETY OF THE COMMUNITY IN LIGHT OF THE
22   NATURE OF THE CHARGES HERE.  AND THAT DOES INCLUDE THE
23   DEFENDANT'S FAMILY MEMBERS BUT OTHERS -- OTHERS IN THE
24   COMMUNITY AS WELL.  BUT I AM IN THIS CASE MOST CONCERNED ABOUT
25   ALL THE FAMILY MEMBERS.
```

1        AND THAT SAID, I APPRECIATE THAT FAMILY HAS -- THAT
2   HIS FAMILY IS AWARE NOW OF THE ALLEGATIONS AND WOULD BE MINDFUL
3   OF THAT.  EVEN SO, UNDER ALL THE CIRCUMSTANCES HERE, I REALLY
4   DON'T THINK THAT THERE ARE CONDITIONS OR ANY COMBINATION OF
5   CONDITIONS THAT COULD BE SET THAT WOULD REASONABLY ASSURE THE
6   SAFETY OF THE COMMUNITY.  AND, SO, I -- I AM GOING TO ABIDE BY
7   MY INITIAL DETENTION ORDER IN THIS CASE.
8        IS THERE ANYTHING FURTHER THAT WE NEED TO TAKE UP
9   TODAY?
10             MS. YUEN:  NO, YOUR HONOR.
11             MR. KIM:  NO, YOUR HONOR.
12             THE COURT:  ALL RIGHT.  THANK YOU.
13             THE CLERK:  THIS COURT IS NOW ADJOURNED.
14             (PROCEEDINGS ADJOURNED AT 10:57 A.M.)

16

C E R T I F I C A T E

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

/S/ DOROTHY BABYKIN                          12/29/16
_____         _____
FEDERALLY CERTIFIED TRANSCRIBER              DATED
DOROTHY BABYKIN