```
 1                    UNITED STATES DISTRICT COURT

 2          CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3            HONORABLE R. GARY KLAUSNER, U.S. DISTRICT JUDGE

 4


 5   UNITED STATES OF AMERICA,      )
                                    )
 6                   PLAINTIFF,     )
                                    )
 7          vs.                     ) No. CR 15-00595-RGK
                                    )
 8   ANGELO HARPER, JR.,            )
                                    )
 9                   DEFENDANT.     )


10

11               REPORTER'S TRANSCRIPT OF SENTENCING
                      LOS ANGELES, CALIFORNIA
12                   MONDAY, OCTOBER 17, 2016
                            1:31 P.M.
13

14   APPEARANCES:

15   FOR PLAINTIFF:    OFFICE OF THE UNITED STATES ATTORNEY
                       BY:  ANNE CARLEY PALMER
16                          ASSISTANT UNITED STATES ATTORNEY
                       312 NO. SPRING STREET
17                     LOS ANGELES, CALIFORNIA  90012
                       213.894.0282
18
     FOR DEFENDANT:    FEDERAL PUBLIC DEFENDER'S OFFICE
19                     BY:  RACHEL A. ROSSI
                            DEPUTY FEDERAL PUBLIC DEFENDER
20                     321 EAST 2ND STREET
                       LOS ANGELES, CALIFORNIA  90012
21                     213.894.4406

22
     _____
23
              SANDRA MacNEIL, CSR 9013, RPR, CRR, RMR
24         Official Court Reporter, U.S. District Court
              255 East Temple Street, Room 181-F
25            Los Angeles, CA 90012; 213.894.5949
```

```
 1              LOS ANGELES, CALIFORNIA; MONDAY, OCTOBER 17, 2016

 2                              1:31 P.M.

 3                              - - - -

 4

 5            THE CLERK:  Calling calendar item No. 2, case

 6   No. Criminal 15-595-RGK, United States of America versus

 7   Anglo Harper, Jr.

 8         Counsel, please state your appearances.

 9            MS. PALMER:  Good afternoon, Your Honor.  Carley

10   Palmer for the United States.

11            THE COURT:  Counsel.

12            MS. ROSSI:  Good afternoon, Your Honor.  Rachel Rossi

13   on behalf of Anglo Harper, Jr., who is present in custody.

14            THE COURT:  Thank you, Counsel.  If you and your

15   client could approach the podium.

16            MS. ROSSI:  Yes, Your Honor.

17            THE COURT:  Okay.  This is the time set for

18   sentencing.  The Court has read and considered multiple

19   documents, including the government's position paper and the

20   defense position paper, all the exhibits and the defense

21   papers, the presentence report.

22         Are there any documents that I have not been furnished

23   with that I should look at before sentencing?

24            MS. PALMER:  No, Your Honor.

25            MS. ROSSI:  No, Your Honor.
```

| | |
|---|---|
| 1 | THE COURT:  Okay.  And Counsel, then, do you wish to |
| 2 | be heard as far as sentence? |
| 3 | MS. ROSSI:  Yes, Your Honor, I do. |
| 4 | As set forth in our position paper, the defense believes |
| 5 | that the mandatory minimum sentence of 15 years is sufficient |
| 6 | but not greater than necessary here.  And I do believe that |
| 7 | first the Court has to resolve the defense one objection to the |
| 8 | presentence report, which is that the upward adjustment under |
| 9 | United States Sentencing Guideline Section 2G2.2(b)(7)(D) does |
| 10 | not apply, because the Court has no evidence of possession of |
| 11 | 600 or more images.  And as detailed in the position papers, |
| 12 | the government has that burden, to show by clear and convincing |
| 13 | evidence that 600 or more images were possessed.  The case |
| 14 | cited in the defense position paper, *United States vs.* |
| 15 | *Kuchinski,* K-u-c-h-i-n-s-k-i, a Ninth Circuit 2006 case, dealt |
| 16 | with this specific situation, and in that case, the Ninth |
| 17 | Circuit held that in order to show that possession of over 600 |
| 18 | images was proven, in order to have this enhancement, that the |
| 19 | government has the burden to show that it was possessed |
| 20 | knowingly or that it was on allocated space.  And the |
| 21 | government has presented no facts whatsoever or evidence to |
| 22 | indicate that more than 32 images here were on allocated space |
| 23 | in any of Mr. Harper's devices that were searched. |
| 24 | Accordingly, the defense position is that this enhancement does |
| 25 | not apply and that the resulting offense level is 33 with a |

1  guideline range of 135 to 168 months.
2          THE COURT:  Okay.
3          MS. ROSSI:  And if the Court would prefer, I can
4  continue to argue or --
5          THE COURT:  Go ahead, finish, yeah.
6          MS. ROSSI:  Thank you, Your Honor.
7      The second portion of the defense argument is simply that
8  the history and characteristics of Mr. Harper, notwithstanding
9  the guideline range that the Court may determine is proper
10 here, his history and characteristics reveal that a sentence of
11 15 years is sufficient but not greater than necessary.  He's
12 not a well-seasoned offender who's had multiple violations and
13 who has had the opportunity for rehabilitation and failed.
14     Mr. Harper was 18 years old when these charges began to be
15 investigated against him, and he never had the opportunity for
16 rehabilitation, for treatment, for the chance to try and to
17 correct the issues that he has.
18     In addition, the letters attached to the defense position
19 paper reveal that he has a very strong network of family and
20 friends in the community who support him.  This includes a
21 long-time family friend who's a law enforcement officer.  It
22 includes his church, and it includes a very extended family.
23 These people provided letters that describe Mr. Harper as
24 someone with moral character, someone who chooses to volunteer
25 in the community, someone who is hard-working, who's worked

1   even at the young age that he was before arrested in this case,
2   and who was consistently attending school and trying to have a
3   career and a future.
4       For these reasons, Your Honor, Mr. Harper is a person who
5   has the ability for rehabilitation, because he has this support
6   in his community, because he was so young and he was never
7   given the chance for rehabilitation yet.
8       So here our position is that 180 months, which would still
9   be far above the guideline range given the defense position on
10  the guidelines here, is sufficient but not greater than
11  necessary.
12              THE COURT:  Okay.  Thank you, Counsel.
13              MS. ROSSI:  Thank you.
14              THE COURT:  Counsel, you wish to be heard?
15              MS. PALMER:  Yes, Your Honor.
16      The enhancement for 600-plus images includes all relevant
17  conduct.  So that would be the possession that was charged for
18  2014 but also for the collection that was found in 2015, the
19  distribution and the advertising that we addressed at the trial
20  in July.  The advertisement from the defendant was for "tons of
21  pics and vids."  We know from the reports and from the
22  testimony that we heard that there was a largely accessible
23  collection, and we know that each video is considered 75 images
24  apiece for the purposes of the sentencing enhancement.
25              Additionally, while we applaud the support network for the

1    defendant and agree that treatment is an important option and
2    should be given for Mr. Harper, the defense feels that a
3    low-end guideline sentence is what's appropriate in this case
4    as laid out in its papers.  Otherwise, we would submit on the
5    papers.
6            THE COURT:  Okay.  Anything else?
7            MS. ROSSI:  Just briefly, Your Honor.
8       "Tons of pics and vids" is hardly clear and convincing
9    evidence of 600 or more images, and I think that the Court
10   needs to look at the government's evidence, and there just
11   isn't any.
12           THE COURT:  Okay.
13           MS. ROSSI:  Thank you, Your Honor.
14           THE COURT:  Does the defendant wish to be heard?
15           MS. ROSSI:  Your Honor, on advice of counsel,
16   considering the pending state charges, he would respectfully
17   decline.
18           THE COURT:  Okay.  No problem.
19           MS. ROSSI:  Thank you.
20           THE COURT:  The Court, in reviewing the evidence,
21   feels that there is sufficient evidence to justify the
22   enhancement under 2G2.2(b)(7)(D), and therefore, the Court
23   would find that the guideline level would be a guideline level
24   48, a Category I as far as criminal history goes, which would
25   be a range between 235 and 289 -- or 293.

1       Therefore, it is ordered the defendant shall pay a fine to
2   the United States -- or excuse me, shall pay to the
3   United States a special assessment of $300.
4       All the tentative conditions have been distributed to both
5   sides in this case, have they not?
6           MS. ROSSI:  They have, Your Honor.
7           MS. PALMER:  Yes, Your Honor.
8           THE COURT:  Okay, that's what I thought.  Okay.
9           MS. ROSSI:  I only have one objection, if I may, Your
10  Honor.
11          THE COURT:  Sure.
12          MS. ROSSI:  Condition No. 2, there was no indication
13  in the PSR that Mr. Harper has any history of controlled
14  substance abuse whatsoever, and we would just request that that
15  condition not be applied.
16          THE COURT:  Does the government have any indication at
17  this time of controlled substance abuse?
18          MS. PALMER:  No, Your Honor.
19          THE COURT:  Okay.
20      Okay.  Again, it is ordered defendant shall pay to the
21  United States a special assessment of $300, which is due
22  immediately.  Any unpaid balance shall be due during the period
23  of imprisonment at a rate of no less than $25 per quarter and
24  pursuant to the Bureau of Prisons' Inmate Financial
25  Responsibility Program.

1          Pursuant to the guideline level Section 5E1.2(a), all
2     fines are waived, as the Court finds that the defendant has
3     established that he is unable to pay and is not likely to
4     become able to pay any fine.
5          Pursuant to the Sentencing Reform Act of 1984, it's the
6     judgment of the Court that the defendant is hereby committed on
7     Count 1 through Count 3 of the indictment to the custody of
8     Bureau of Prisons for a term of 235 months.  This term consists
9     of 235 months on each of Count 1 and Count 3 of the indictment,
10    to be served concurrently.
11         The Court recommends that the Bureau of Prisons conduct a
12    mental health evaluation of the defendant and provide all
13    necessary treatment.
14         Upon release from imprisonment, the defendant shall be
15    placed on supervised release for a term of life.  This term
16    consists of life on each of Count 1 and Count 3 of the
17    indictment, all such terms to run concurrently under the
18    following terms and conditions:
19         The defendant shall comply with the rules and regulations
20    of the United States Probation Office and General Order 5-02.
21         The second condition is not going to be imposed.
22         The third condition is -- the next condition that will be
23    imposed would be No. 3, which is, during the period of
24    community supervision, the defendant shall pay the special
25    assessment in accordance with the judgment's order pertaining

1  to such payment.
2      Next, the defendant shall not obtain or possess any
3  driver's license, Social Security number, birth certificate,
4  passport, or any other form of identification in any name other
5  than the defendant's true legal name, nor shall the defendant
6  use any name other than his true legal name without the prior
7  written approval of the probation officer.
8      The defendant shall cooperate in a collection of DNA
9  sample from the defendant.
10     The defendant shall possess and use only those computers,
11 computer-related devices, screen user names, passwords, e-mail
12 accounts and Internet service providers that have been
13 disclosed to the probation officer upon commencement of
14 supervision.  Any changes or additions are to be disclosed to
15 the probation officer prior to the first use.  Computer and
16 computer-related devices include personal computers, personal
17 data assistants, Internet appliances, Internet -- or electronic
18 games, cellular telephones and digital storage media, as well
19 as their peripheral equipment that can access or can be
20 modified to access the Internet, electronic bulletin boards,
21 and other computers.
22     All computers, computer-related devices and their
23 peripheral equipment used by the defendant shall be subject to
24 search and seizure.  This shall not apply to items used by --
25 at the employment site which are maintained and monitored by

the employer.

The defendant shall comply with the rules and regulations of the Computer Monitoring Program. The defendant shall pay the cost of the Computer Monitoring Program in the amount of not to exceed $32 per month per device connected to the Internet.

The defendant shall register as a sex offender and keep the registration current in each jurisdiction where he resides, where he's employed, and where he is a student to the extent the registration procedures have been established in each jurisdiction. When registration for the first time, the defendant -- when registering for the first time, the defendant shall also register in the jurisdiction in which the conviction occurred if different from the jurisdiction of residency. The defendant shall provide proof of registration to the probation officer within 48 hours of registration.

The defendant shall participate in a psychological counseling and psychiatric treatment or a sex offender treatment program as approved by and directed by the probation officer. The defendant shall abide by all rules, requirements and conditions of such program. The probation officer shall disclose a presentence report and any previous mental health evaluations or reports to the treatment provider.

As directed by the probation officer, the defendant shall pay all or part of the cost of treating the defendant's

1  psychological or psychiatric disorder to the aftercare
2  contractor during the period of community supervision, pursuant
3  to Title 18 of the United States Code, Section 3672.  The
4  defendant shall provide payment or proof of payment as directed
5  by the probation officer.
6       The defendant shall not view or possess any materials,
7  including pictures, photographs, books, writings, drawings,
8  videos or video games depicting and/or describing child
9  pornography as defined in Title 18 of the United States Code,
10 Section 2256, subdivision 8, or explicitly -- or sexually
11 explicit conduct as defined in Title 18 of the United States
12 Code, Section 2256, subdivision 2.  This condition does not
13 prohibit the defendant from possessing materials solely because
14 they are necessary and are used for a collateral attack, nor
15 does it prohibit him from possessing materials prepared or used
16 for the purposes of his Court-mandated sexual offender's
17 treatment when the defendant's treatment provider or the
18 probation officer has approved the possession of such materials
19 in advance.
20      The defendant shall not own, use or have access to the
21 services of any commercial mail receiving agency, nor shall he
22 open or maintain a post office box without the prior written
23 approval of the probation officer.
24          MS. ROSSI:  Your Honor, I'm sorry to interrupt, but as
25 to the next condition that the Court is about to read,

```
 1   Mr. Harper informs me that his parents' home, which he would
 2   likely be returned to upon his release, is possibly within a
 3   hundred feet of a school.  And so if the Court would modify
 4   that condition to allow him or permit him to live at his
 5   parents' home, I can provide the address for the record.
 6           THE COURT:  Yeah, I would be surprised -- it may be --
 7   if it borders, it would be within a hundred feet.  If it's more
 8   than a house away, it probably wouldn't be.
 9      Do you want to check with your defendant and see whether
10   or not it's -- if there's any houses between him and the
11   schoolyard?
12           MS. ROSSI:  If I could perhaps just place the address
13   on the record and --
14           THE COURT:  Sure.
15           MS. ROSSI:  -- for clarification, maybe that would
16   help.
17      I don't know exactly how many feet, but it's across a
18   yard, across -- it may be within a hundred feet.  But the
19   address is 12959 --
20           THE COURT:  12959?
21           MS. ROSSI:  Yes.
22           THE COURT:  Is that correct?  Okay.
23           MS. ROSSI:  Lasselle, L-a-s-s-e-l-l-e, Street.
24           THE COURT:  L-a-s-s-e-l-e?
25           MS. ROSSI:  Two L's.
```

```
 1              THE COURT:  Two L's.  Okay.
 2              MS. ROSSI:  Yes.  In Moreno Valley, California.
 3              THE COURT:  Okay.
 4              MS. ROSSI:  Thank you, Your Honor.
 5              THE COURT:  Counsel, I'm going to take a look at that.
 6   I can Google that when I get off the bench, and if it's within
 7   a hundred feet, I'll make that decision.
 8              MS. ROSSI:  Thank you, Your Honor.
 9              THE COURT:  But if not, the defendant shall not
10   frequent or loiter within a hundred feet of any schoolyard,
11   public -- or excuse me, public swimming pool area or parks or
12   playgrounds, youth centers, video arcade facilities or other
13   places primarily used by persons under the age of 18.
14        The defendant shall not associate or have verbal, written,
15   telephonic or electronic communication with any person under
16   the age of 18, except in the presence of the parent or legal
17   guardian of said minor and on the condition the defendant
18   notify the parent or legal guardian of his conviction in the
19   instant offense and prior offenses.  This provision does not
20   encompass persons under the age of 18, such as waiters,
21   cashiers, ticket vendors, et cetera, who the defendant must
22   interact with in order to obtain ordinary and usual commercial
23   services.
24        The defendant shall not associate with, own, control,
25   volunteer or be employed in any capacity by any business
```

1   organization that causes him to regularly contact persons under
2   the age of 18.
3       The defendant shall not affiliate with, own, control or be
4   employed in any capacity or any business whose principal
5   product is the production of the selling of materials depicting
6   or describing sexually explicit conduct as defined in Title 18
7   of the United States Code, Section 2256(2).
8       The defendant's employment shall be approved by the
9   probation officer, and any changes in employment must be
10  pre-approved by the probation officer.  The defendant shall
11  submit the names and addresses of the proposed employer to the
12  probation officer at least ten days prior to any scheduled
13  changes.
14      The defendant shall submit to search and seizure at any
15  time, with or without a warrant, by any law enforcement or
16  probation officer with the defendant's person -- of the
17  defendant's person and property, house, residence, vehicle,
18  papers, computers or other electronic communication or data
19  storage devices media and effects upon reasonable suspicion
20  concerning a violation of or condition of supervised or
21  unlawful conduct by, or by any probation officer in the lawful
22  discharge of the officer's supervisional functions.
23      The Court authorizes the probation officer to disclose the
24  presentence report and any previous mental health evaluation
25  reports to the treatment provider.  The treatment provider may

1  provide information, excluding the presentence report, to the
2  state or local social service agencies, such as the State of
3  California Department of Social Services, for the purpose of
4  the client's rehabilitation.
5      The Court is sentencing defendant to the low end of the
6  guideline range because based on basically the exhibits that
7  have been submitted by counsel for the defense, the support
8  that he has with his family and those letters that have been
9  submitted to the Court, I feel that this is appropriate, not
10 more than nor less than is appropriate under the facts of this
11 case.
12     If you wish to appeal the sentence, it has to be done
13 within 14 days of today.
14     And is there anything further from the government?
15         MS. PALMER:  No, Your Honor.
16         THE COURT:  Counsel, anything further from you?
17         MS. ROSSI:  No, Your Honor.
18         THE CLERK:  Judge, may I just clarify one thing?  When
19 you imposed the sentence of 235 months and the supervised
20 release of life, was that as to Counts 1 through 3?
21         THE COURT:  1 through 3, yes.
22         THE CLERK:  Thank you.
23         THE COURT:  Did I say 1 to 3?
24         THE CLERK:  1 and 3.
25         THE COURT:  Oh, no.  It's 1 through 3.

```
1            THE CLERK:  Thank you.
2            THE COURT:  And they're all concurrent.
3     Thank you very much, Counsel.
4     Good luck.
5            MS. PALMER:  Thank you, Your Honor.
6            MS. ROSSI:  Thank you, Your Honor.
7
8            (Proceedings concluded at 1:49 p.m.)
9
10                         --oOo--
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

*CERTIFICATE*

*I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.*

*Date: January 24, 2017*

*/S/ SANDRA MACNEIL*

*Sandra MacNeil, CSR No. 9013*